## LONDON & PROVINCIAL MARINE & GENERAL INS. CO., LIMITED, OF LONDON, v. SYKES et al.

### No. 9188.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 6, 1933.

Rehearing Denied Jan. 10, 1934.

L. Hamilton Lowe, of Corpus Christi, Heck & Spence, of San Antonio, and Kleberg & Eckhardt, of Corpus Christi, for appellant.

Boone, Raymer & Davis, of Corpus Christi, for appellee.

MURRAY, Justice.

Appellees, P. R. Sykes, Sr., and P. R. Sykes, Jr., doing business under the name of Sykes Furniture Company, instituted this suit against R. E. Strong and appellant, London & Provincial Marine & General Insurance Company, Limited, to recover upon an insurance policy issued by appellant on furniture sold by appellees to Strong, and insured against loss by fire.

■■ Appellant presents but one proposition, which is as follows: "Since the Appellees brought this suit in their own right against the Insurer and Insured jointly, asserting rights against the Insurer under a written instrument, a policy of insurance, the same necessarily is the criterion of their right to recover, and said policy, which they plead in full, shows that the only property for which the Appellant is responsible to the Appellees as mortgagees, is 'building items', and there being no provision in the policy giving them any right to bring any suit, or to assert any direct claim against the Insurer for the loss of anything other than 'building items', they have no right to recover anything in this suit, which is brought solely and alone for the loss of furniture, no mistake being plead and no reformation of the contract sought by the pleadings."

The insurance policy in this case was secured by Strong from appellant on $2,000 worth of furniture, for the benefit and protection of appellees, who held a mortgage upon the furniture securing the purchase price of the same. The policy does not purport to insure anything other than the furniture. It does not cover any building.

The policy provides, under the heading, "Loss Payable Clause or Mortgage Clause": "Loss, if any, on building items payable to Sykes Furniture Company as interest may appear, subject to the provisions of the Loss Payable or Mortgage Clause (state which) loss payable as elsewhere embodied in this policy." And under the heading, "Mortgage Clause With Full Contribution": "Loss or damage, if any, on building items under this policy shall be payable to Mortgagee (or trustee) named in face of policy as such interest may appear."

The furniture was destroyed by fire, and the jury found its market value to be $1,400.

If the above clauses be given their literal meaning, it is clear that appellees cannot recover, as they did not have a lien on any building items, nor does the policy insure any building items.

However, we are of the opinion this policy should be construed from its four corners, and its real meaning and purpose arrived at from the entire instrument. It is clear from the entire instrument that this was a policy of insurance covering only furniture. That it was taken for the protection of the Sykes Furniture Company, who were the mortgagees. The words "on building items" should be treated as surplusage and disregarded. When this is done the true intention of the parties is given effect and appellees' right to recover is clearly established. 13 C. J. 535, 538; Trinity Portland Cement Co. v. Lion Bonding & Surety Co. (Tex. Com. App.) 229 S. W. 483; 9 Cyc. pp. 580, 584, 585; Hatt v. Walker (Tex. Civ. App.) 33 S.W.(2d) 489; Gibbs v. Barkley (Tex. Com. App.) 242 S. W. 462, 464.

■ This policy was prepared by the agent of the insurance company, and it is a well-established rule of law that a contract will be construed most strongly against the party preparing same, particularly when it is drawn with the use of a printed form prepared by one of the parties, as was shown to be the case here. Whittington v. Cameron Compress Co. (Tex. Civ. App.) 268 S. W. 216, 218; Provident Ins. Co. v. Lemmons (Tex. Civ. App.) 63 S.W.(2d) 392.

The judgment is affirmed.