The TRAVELERS INDEMNITY COMPANY, Appellant,

v.

STORECRAFT, INC., Appellee.

No. 743.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 28, 1973.

Rehearing Denied March 22, 1973.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, Cecil Redford, Corpus Christi, for appellant.

Rankin, Kern & Martinez, H. Hollis Rankin, Jr., McAllen, for appellee.

## OPINION

BISSETT, Justice.

This case is concerned with the rights and impediments to the cancellation of an insurance policy where the mortgagee of the insured property was not notified of the cancellation prior to the loss. Storecraft, Inc., named in a Loss Payable Clause attached to an insurance policy issued by Travelers Indemnity Company, sued Travelers to recover for the loss of the property insured under the policy when that property was destroyed by Hurricane Celia. The case was submitted to the trial court on an agreed statement of facts. Judgment, after a non-jury trial, was rendered for Storecraft for a stated amount of money. Appeal has been perfected by Travelers. We affirm.

Storecraft sold certain business machines, air conditioners, ice machines, coolers, gondolas, carts, shelves, and other items of personal property to B. E. Ocker on two occasions, February 11, 1969 and September 18, 1969. A security interest in connection with each sale was perfected by Storecraft to secure it in the payment of the deferred consideration for such items. All of the personal property so sold and identified in the security instruments were placed by Ocker in his store building.

Ocker, as owner of the personal property, purchased a fire and extended coverage policy of insurance from Travelers on February 11, 1969. The property insured thereby was described as "On Contents in the Two HT, S & CD building, 9709 Highway 9, Corpus Christi, Texas". The policy was for a three year period.

That portion on the first page of the policy form which provides blank spaces for the naming of a mortgagee reads as follows:

"Loss on building items shall be payable to

Address                          as Mortgagee or Trustee, as their interest may appear at time of loss, subject to Mortgage Clause (without contribution) printed elsewhere in this policy".

The name of Storecraft was not written in the aforesaid blanks. However, the policy had attached thereto a duly executed Loss Payable Clause, dated February 11, 1969, that named Storecraft therein, the latter portion of which provided:

"It is agreed that any loss or damages ascertained and proven to be due to the insured under this policy shall be held payable to Storecraft, Inc., 614 S. Port Ave, Corpus Christi, Texas, as interest may appear; subject, however, to all of the terms and conditions of this policy, which are made a part hereof."

Under Basic Conditions of the policy appears the following:

"This Company may cancel this policy by giving the insured five days written notice".

There is also contained in the policy a Mortgage Clause which reads, in part, as follows:

"This policy, as to the interest of the mortgagee only therein, shall not be in-

validated by any act or neglect of the mortgagor or owner of the within described property . . ."; and,

"This policy may be cancelled as to the interest of any mortgagee named herein by giving such mortgagee ten days written notice".

Travelers cancelled the policy on March 6, 1970 for non-payment of premium. Ocker, the insured, was duly and timely notified of such cancellation, but Travelers did not notify Storecraft of such action. Storecraft first learned that the policy had been cancelled sometime after the insured property had been destroyed by the hurricane on August 3, 1970.

Travelers contends that the rider that named Storecraft, attached to the policy, was an open loss payable clause, which permitted cancellation of the policy without advance notice to Storecraft. It reasons that the Loss Payable Clause merely designated Storecraft as an appointee to receive the insurance funds in the event of a loss; that the clause did not create a new contract between it and Storecraft; that the rights of Storecraft were "derivative from Ocker and were no greater"; that the policy having been cancelled as to Ocker, as provided in the policy, Ocker could not recover and neither could Storecraft; and that Storecraft, not being named as a mortgagee in the blanks provided on the first page of the policy, had neither right nor interest in the policy, and there is no provision that requires notice to a party named in the Loss Payable Clause.

Storecraft asserts that it was entitled to advance notice of cancellation of the policy because the Loss Payable Clause itself recites that it is subject to "all the terms and conditions of the policy, which are made a party hereof". Therefore, it contends that the Mortgage Clause applies. Travelers counters by saying that the Mortgage Clause becomes a part of the contract only when a mortgagee or trustee is named in the blanks provided therefor on page one of the policy.

■ We overrule Travelers' contention that the blank provisions on page one of the policy were to be used only if "building items" were insured and are applicable only to buildings and not to contents of buildings. It is clear that this was a policy of insurance that covered only the contents of the building, that was known to Travelers' agent at the time the policy was delivered. The words "on building items" are treated as surplusage and are disregarded. London & Provincial Marine & General Ins. Co., Limited, of London v. Sykes, 66 S.W.2d 382 (Tex.Civ.App.—San Antonio 1933, writ dism'd).

■ The purpose of an insurance contract is to indemnify against loss; it should be construed in such a way to carry out that purpose, rather than in a way that will defeat it. Commercial Standard Insurance Company v. Ford, 400 S.W.2d 934 (Tex.Civ.App.—Amarillo 1966, writ ref'd n. r. e.); Central Surety & Insurance Corporation v. Anderson, 446 S.W.2d 897 (Tex.Civ.App.—Fort Worth 1969, n. w. h.). As stated in American Bankers Insurance Company v. McDonald, 369 S.W.2d 688 (Tex.Civ.App.—Austin 1963, writ dism'd), "An insurance policy must be strictly construed against the company writing it, and particularly of provisions that tend to defeat coverage. . . ."

In Glasscock v. Liverpool, London & Globe Ins. Co., 188 S.W. 281 (Tex.Civ. App.—Austin 1916, writ ref'd), the loss payable clause was virtually identical to that involved in this appeal. The opinion does not state whether the person named in the loss payable clause was also named in the policy itself as a mortgagee. The policy provided that it could be cancelled by giving five days' notice of such cancellation, but it did not stipulate to whom such notice shall be given. The owner of the insured property was notified; the mortgagee was not. The court held that the mortgagee had to be notified of the cancellation before her rights under the policy would be cut off. The rule of that case applies to the case at bar.

 Travelers' agent issued the policy, using a form that was furnished by the insurance company. The agent also prepared and attached to that policy the Loss Payable Clause that named Storecraft therein. Both instruments were dated the same day, February 11, 1969. The Loss Payable Clause, when considered with the original policy, shows that the agent knew that Storecraft was a mortgagee as to the property insured under the policy on February 11, 1969. Travelers neither alleged nor proved that Storecraft was not a mortgagee as to the insured property at all times in question. Travelers does not contend that it did not know that Storecraft was such a mortgagee.

As stated, the Loss Payable Clause was "subject, however, to all the terms and conditions of this policy, which are made a part hereof". That language includes the Mortgage Clause in its entirety. Therefore, Storecraft did not become a mortgagee under an open loss payable clause as an appointee only to receive insurance funds in the event of a loss; instead, it became a mortgagee under the Mortgage Clause. That clause speaks of a mortgagee generally, not a named mortgagee. The effect of the Mortgage Clause, when incorporated in the policy, is to make a new and independent contract between the mortgagee and the insurer that insures separately the mortgagee's interest in the property that was insured in the contract between the owner-mortgagor and the insurance company. The case of Rio Grande Nat. Life Ins. Co. v. Hardware Dealers Mut. Fire Ins. Co., 209 S.W.2d 654 (Tex. Civ.App.—Amarillo 1948, writ ref'd n. r. e.) is directly in point; Camden Fire Ins. Ass'n v. Harold E. Clayton & Co., 117 Tex. 414, 6 S.W.2d 1029 (1928), is cited by that court as authority for that holding. Being a separate insurance contract on the mortgagee's interest, its validity is dependent solely on the acts of the mortgagee, and is not affected or invalidated by any act or neglect of the mortgagor in violation of the terms and conditions of the policy that are unknown to the mortgagee. Accordingly, Travelers could not cancel this policy as to the interest of Storecraft because of non-payment of premium by Ocker, without giving Storecraft ten days' written notice of such intention. We hold that the insurance policy was not effectively cancelled as to the interest of Storecraft.

We have carefully examined all of the points presented by Travelers, and, in our opinion, none present reversible error. All such points are overruled.

The judgment of the trial court is affirmed.