70736. GOLDER et al. v. UNITED SERVICES AUTOMOBILE
ASSOCIATION.
(338 SE2d 771)

Pope, Judge.

Appellants Donald Golder and Nancy M. Golder appeal the trial court's grant of summary judgment to appellee United Services Automobile Association (USAA) in this action for declaratory judgment. The accident underlying this action occurred on June 25, 1981. Robert F. Kelly operated a crop spraying service in which he used a helicopter to spray the crops. The operation was run from a site rented to Kelly by John S. Stowe, Sr., which included a hangar and landing pad. Tyler Golder, appellants' minor son, was employed by Kelly in the business as summer help. At the conclusion of Kelly's scheduled flights the day of the accident, he landed the helicopter on a trailer at the landing pad. After being secured to the trailer, the helicopter would then be towed into the hangar. Before this could be done, Kelly was approached by John S. Stowe II, who asked Kelly to spray his garden as a favor. Stowe II lived on the property owned and insured by his father, Stowe Sr., which included the site rented to Kelly. Kelly and Stowe II prepared the helicopter to spray the garden and unfastened the straps holding the helicopter to the trailer. Kelly was in the cockpit as the helicopter prepared to take off. Tyler Golder and Stowe II stood off to the side. As the helicopter began to take off, it tipped to one side because a strap was still holding it to the trailer. Tyler Golder and Stowe II both died as a result of being struck by the blades of the helicopter. Appellants' suit for wrongful death against Kelly was filed approximately one year after the accident.

Stowe Sr.'s homeowners insurance was with USAA. Kelly insured his helicopter with Lloyds of London. Kelly's auto policy was with USAA. Immediately after the accident, Kelly notified Lloyds. Kelly was of the opinion that no coverage regarding the accident existed under the USAA auto policy and therefore did not notify USAA concerning the accident. Even when Lloyds, within six months of the accident, notified Kelly that it would contest coverage under its policy, Kelly did not notify USAA regarding the accident. On July 15, 1982 USAA received notice of the accident from Dixie Lee Stowe, widow of John S. Stowe II, through her attorney. However, the letter made reference only to the Stowe homeowners policy. No notice regarding Kelly's policy with USAA was made. In the letter Kelly's insurer was described as Lloyds. The first notice received by USAA in regard to Kelly's USAA auto policy in connection with this accident came in

March 1983 in a letter from appellants' attorney. Kelly has never given formal notification to USAA in regard to the accident.

1. The basis upon which appellants contend coverage exists under Kelly's USAA auto policy is that the accident occurred as the helicopter was attempting to lift off the trailer which is a covered vehicle under the policy. USAA contends coverage is not provided because it did not receive prompt notice of the accident or claim as required by the policy, and that the policy excluded coverage for bodily injury to employees of Kelly in the course of employment. We need deal only with the notice issue in regard to the Kelly policy. The USAA policy held by Kelly provided as a condition precedent to coverage that it receive notice of the accident or loss. "We must be notified promptly of how, when and where the accident or loss happened. . . . A person seeking coverage must: . . . 2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss." It is undisputed that USAA did not learn of the accident until a year after its occurrence, and then in connection with a wholly unrelated policy. It did not learn of any connection with the Kelly policy until some 21 months after the accident. The Golders' action against Kelly was filed in June 1982, yet USAA did not receive notice of the suit until March 1983 from the Golders' attorney.

"Generally, whether an insured's notice to an insurer is 'as soon as practicable' is a question of fact for a jury. [Cit.]" *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 220 (231 SE2d 245) (1976). "Under all of the facts and circumstances of a particular case it may be found that an insured's delay in giving notice of an accident to his insurer was unjustified and unreasonable. In such event, on a motion for summary judgment, the court may rule on the question as a matter of law. [Cits.]" Id. at 220-21. "It is immaterial, as his reason for not complying with the policy, that [Kelly] was under the hope or impression that another insurance company would be liable for this claim. . . . [Kelly] clearly failed to comply with a condition precedent to coverage, and it is therefore not necessary for [USAA] to show actual harm. [Cits.]" *Diggs v. Southern Ins. Co.*, 172 Ga. App. 37, 38 (321 SE2d 792) (1984). Therefore, under the facts of this case, we find that the trial court did not err in ruling that no coverage existed under the Kelly policy regarding the accident.

2. Regarding the Stowe policy issued by USAA, the parties are in sharp dispute whether the form containing the definition of insured was actually contained within the policy, and whether Stowe II was an insured. We need not address this dispute. The exclusions in the policy clearly apply to the facts of this case to remove coverage no matter what Stowe II's status may have been. The policy specifically excludes liability coverage as follows: "This policy does not apply: . . . to bodily injury . . . arising out of the ownership, maintenance,

operation, use, loading or unloading of: (1) any aircraft; or (2) any motor vehicle owned or operated by, or rented or loaned to any Insured . . . (d) to bodily injury . . . arising out of business pursuits of any Insured. . . ." The accident occurred as a result of a mishap involving a helicopter taking off from a trailer upon a site rented to Kelly to carry on his crop spraying business. The plain terms of the policy exclude coverage under these circumstances. No amount of strained argument can circumvent the facts. The trial court did not err in finding that no coverage existed under the Stowe policy in regard to the accident.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur specially.*

BEASLEY, Judge, concurring specially.

With respect to Division 2, I fail to see the relevancy of the exclusions which the majority find take this incident out from under coverage. The insured, Stowe Sr., did not own, maintain, operate, use, load or unload the helicopter. All of these actions and relationships were Kelly's; Stowe Sr. merely was lessor of the premises on which the helicopter was used and stored. Nor was the helicopter a "motor vehicle owned or operated by, or rented or loaned to" Stowe Sr., so that exclusion did not contemplate the helicopter in this case either.

The third circumstance *not* covered and thus excluding the incident here, says the majority, is: "(d) to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits." While it might arguably be said that young Golder's bodily injury arose out of insured Stowe Sr.'s business pursuit of renting the landing pad to Kelly, which would be excluded from coverage, there *is* coverage of activities in the leasing of the premises which are ordinarily incident to non-business pursuits. I would have to agree that although dusting the son's garden as a favor is a non-business pursuit, it would not be an activity pursued by lessor Stowe Sr., the insured, but by helicopter service operator Kelly. So that, too, is not relevant. In examining the policy, I do not find any possibility of coverage, however.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

DECIDED DECEMBER 5, 1985.

*Charles L. Ruffin*, for appellants.
Robert F. Kelly, *pro se.*
*Patrick J. Gibbs, John V. Burch, Harry J. Winkler*, for appellee.