A91A0613. HIRSCHFIELD et al. v. CONTINENTAL CASUALTY COMPANY et al.
(405 SE2d 737)

Andrews, Judge.

Hirschfield and Radov (plaintiffs) incurred water damage to the basement of their home, and brought this action against Continental Casualty Company and CNA Insurance Company (defendants), claiming coverage under the homeowners' policy issued by the defendants. The trial court granted summary judgment to the defendants, who denied coverage, and plaintiffs appeal.

A grate-covered opening to an underground storm drain is located adjacent to the plaintiffs' home. After a rainstorm, rainwater flowed or rose from the area of the grate, across the surface, and eventually entered a vent leading into the plaintiffs' basement. The plaintiffs presented evidence that a blockage in the underground drain caused rainwater, which had previously entered the drain at an upstream location, to be diverted upward through the grate and eventually across the surface area into the basement. The defendants presented evidence that the storm drain had become clogged with debris, and was unable to take rainwater away, so that the water level around the grate rose to a point where the rainwater flowed across the surface into the basement.

The plaintiffs' policy contains the following coverage:

"ADDITIONAL PROPERTY COVERAGE — Back Up of Sewers or Drains. We cover loss to your real property and tangible personal property caused by water which backs up through sewers or drains except for losses in the section called 'Property Losses We Do Not Cover.' "

The policy also contains the following exclusion:

"PROPERTY LOSSES WE DO NOT COVER — Water damage meaning: Flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these, whether or not driven by wind;"

Plaintiffs contend the trial court erred in granting summary judgment to defendants on the coverage issued because (1) when read as a whole, the policy provisions are ambiguous, and (2) a factual question exists as to whether the water which entered the basement was "drain

water" or "surface water" within the policy provisions.

The construction of an insurance contract is a question of law for the court. *Transamerica Ins. Co. v. Thrift Mart, Inc.*, 159 Ga. App. 874, 880-881 (285 SE2d 566) (1981); OCGA § 13-2-1. Where the policy is unambiguous, the court must declare and enforce the contract as made between the parties. *U. S. Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 79 (355 SE2d 428) (1987). Even if the court determines an ambiguity exists, no jury question arises unless the ambiguity remains after the court has applied the statutory rules of construction in attempting to resolve the ambiguity. *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986).

The water which entered the plaintiffs' basement was "surface water" under the widely accepted definition. See *Aetna Ins. Co. v. Walker*, 98 Ga. App. 456, 459-460 (105 SE2d 917) (1958). " ' "Surface water" is water which is derived from falling rain or melting snow, or which rises to the surface in springs, and is diffused over the surface of the ground, while it remains in such diffused state, and which follows no defined course or channel, which does not gather into or form a natural body of water, and which is lost by evaporation, percolation, or natural drainage.' [Cit.]" Id. Whether in the present case the rainwater was diverted from the storm drain to the surface by an underground blockage, or it accumulated near the grate because the drain was otherwise obstructed, it is undisputed that the rainwater then flowed from the adjacent grate, across a surface area, and into the basement. Under these facts, the water entering the basement fits squarely within the "surface water" exclusion in the policy.

When read together, the relevant insuring and exclusion provisions of the policy plainly cover damage caused by water which backs up through sewers or drains, except flood and surface waters. Even if the insuring provision for "water which backs up through sewers and drains" might arguably apply to rainwater backing up to the surface through the storm drain, the "surface water" exclusion clearly and explicitly excludes coverage under the present circumstances. " 'Exceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms.' " *Alley v. Great American Ins. Co.*, 160 Ga. App. 597, 600 (287 SE2d 613) (1981). Any ambiguity created by the general language used in the insuring provision of the policy is resolved by construing the policy as a whole, including the specific exclusion, in light of undisputed facts establishing the "surface water" nature of the damage. See *Hearn v. Old Dominion Freight Lines*, 172 Ga. App. 658, 659 (324 SE2d 517) (1984); OCGA § 13-2-2 (4).

The policy provided no coverage for the plaintiffs' claim, and the

trial court correctly granted summary judgment in favor of the defendants.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 3, 1991.

*Powell, Goldstein, Frazer & Murphy, Richard C. Mitchell, William M. Ragland, Jr.,* for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Robert A. Burnett,* for appellees.