A93A0056. IVEY v. FIRST OF GEORGIA INSURANCE COMPANY.
A93A0057. SMITH v. FIRST OF GEORGIA INSURANCE COMPANY.
(434 SE2d 556)

JOHNSON, Judge.

In late 1989, Jack Wade Ivey, Jr., sold a Midget Mustang I airplane to Randy Smith. Smith was 19 years old and had recently obtained his private pilot's license. In conjunction with the sale, and at

the insistence of Smith's father, Ivey agreed to teach Smith how to fly the aircraft. After some preliminary instruction in a two-seat, tail-wheel aircraft, Smith attempted his first solo flight in the Mustang. Because of the single seat design of the Mustang, Ivey remained on the ground and used a handheld radio to communicate with Smith during flight. On his first landing approach, Smith bounced the air-plane and attempted to abort the landing and execute a "go-around" by applying full power. While this procedure was correct for the air-craft Smith had been trained in, the Mustang was a high-power, high-torque aircraft, and applying full power caused the plane to roll in-verted. Smith then lost control resulting in a serious accident. Smith brought suit against Ivey. Ivey notified First of Georgia Insurance Company, underwriters of his homeowner's insurance policy of the claim and asked First of Georgia to provide a defense. First of Geor-gia brought a declaratory judgment action, asserting that there was no coverage for the claim on the basis of a specific provision in the policy which excluded claims "arising out of the ownership, maintenance, use, loading or unloading of an aircraft." The trial court found that the exclusion relating to aircraft relieved First Georgia of the duty to defend and held that no coverage was available for Smith's claim under the homeowner's policy issued to Ivey by First of Georgia. Ivey and Smith appeal.

The exclusion relating to use of aircraft has not been construed by the courts of this state. However, the exclusion language in this section of the policy uses language identical to the language used in the exclusion relating to motor vehicles.[1] This court has adopted a liberal definition of the word "use." "Exact definition of the term 'use' is elusive, and is not capable of a definition which will leave ev-eryone 'comfortable.' Whether or not an injury arose from the 'use' of a motor vehicle within the contemplation of a liability policy or stat-ute depends upon the factual context of each case. In this setting the term does not imply 'remoteness,' but does extend beyond actual physical contact. And it would seem to extend at least to the point, beyond physical contact, where control over the instrumentality is easily or reasonably at hand, and particularly when it is still being 'utilized.' " (Citation and punctuation omitted.) *Hartford Accident &c. Co. v. Booker*, 140 Ga. App. 3, 4-5 (2) (230 SE2d 70) (1976). See also *Ga. Farm Bureau Mut. Ins. Co. v. Greene*, 174 Ga. App. 120, 122

---

[1] An analogy was drawn between the provisions of an automobile liability policy and an aviation liability policy in *Southern Gen. Ins. Co. v. Boerste*, 195 Ga. App. 665 (1) (394 SE2d 566) (1990). Similarly, principles of automobile liability insurance law were applied to motor boats in *State Farm Fire &c. Co. v. Holton*, 131 Ga. App. 247 (205 SE2d 872) (1974). *South-eastern Fire Ins. Co. v. Heard*, 626 FSupp. 476 (N.D. Ga. 1985) another case involving a watercraft accident, also provides a helpful discussion of "use" exclusions in insurance poli-cies, particularly as this issue arises in the context of negligent entrustment claims.

(329 SE2d 204) (1985).

The record shows that the accident occurred when appellee's insured was teaching appellant to fly the new airplane. It is impossible to imagine a circumstance in which a flight instructor could provide ground to air instruction without the involvement of an airplane. We do not need to stretch the meaning of any word to conclude that both Ivy and Smith were using the plane at the time of the tragic accident.

"Ambiguity in an insurance policy may be defined as duplicity, indistinctness, and uncertainty of meaning or expression. . . . Even applying the rule that any exclusion from coverage must be construed strictly against the insurer, the policy language remains plain and unambiguous, and accordingly the parties are bound by its terms." (Citations and punctuation omitted.) *Hartford Ins. Co. &c. v. Franklin*, 206 Ga. App. 193, 194-195 (1) (424 SE2d 803) (1992). The term "use" is not ambiguous in the context of this case and we need not reach for ambiguity when it is not present and the plain meaning of the policy is apparent and controls. "An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others." (Citations and punctuation omitted.) *Hollis v. St. Paul Fire &c. Ins. Co.*, 203 Ga. App. 252, 254 (416 SE2d 827) (1992). First of Georgia, in drafting the homeowner's policy issued to Ivey intended to provide coverage for those claims arising incident to the ownership of the home, and the cost of that insurance was calculated in accordance with that level of risk. It excluded those risks associated with aircraft, for which aviation insurance is available. The trial court did not err in granting summary judgment to First of Georgia.

*Judgments affirmed. Pope, C. J., Birdsong, P. J., Cooper, Andrews and Smith, JJ., concur. Beasley, P. J., concurs in judgment only. McMurray, P. J., and Blackburn, J., dissent.*

BLACKBURN, Judge, dissenting.

Under Georgia law, the *coverage* provisions of an insurance policy are to be liberally construed and *exclusions* of an insurance policy are to be strictly construed. In affirming the trial court's grant of summary judgment for the insurer, the majority opinion breaches this rule of construction by liberally interpreting a policy exclusion.

The policy in question in this case generally covered an occurrence, defined as "an accident, including exposure to conditions, which results . . . in bodily injury; or property damage." However, the policy excluded coverage for bodily injury or property damage "arising out of the ownership, maintenance, use, loading or unloading of an aircraft. . . ." The only issue in this case is whether the term "use" in the exclusion is limited to the use of an aircraft by the insured, or included all use of an aircraft by any person.

Generally, " '[t]he law favors coverage, as that is the intent of purchasing insurance in the first place. (Cit.)' [Cit.]" *State Farm &c. Ins. Co. v. Acheson*, 182 Ga. App. 218, 219 (355 SE2d 128) (1987). "Any exclusion sought to be invoked by the insurer . . . will be liberally construed in favor of the insured and strictly construed against the insurer unless same is clear and unequivocal. [Cits.]" *Travelers Indem. Co. v. Whalley Constr. Co.*, 160 Ga. App. 438, 441 (287 SE2d 226) (1981). When a provision in an insurance policy is susceptible of two or more constructions, the courts will apply the construction that favors the insured. *Atlantic Wood Indus. v. Lumbermen's &c. Alliance*, 196 Ga. App. 503 (3) (396 SE2d 541) (1990).

" '[I]f the term "use" is construed to embrace all its possible meanings and ramifications, practically every activity of mankind would amount to a "use" of something. However, the term must be considered with regard to the setting in which it is employed. . . .' " *Assurance Co. of America v. Bell*, 108 Ga. App. 766, 772 (134 SE2d 540) (1963). In the instant case, the policy fails to define the term "use," and while the majority of the exclusions contained in the policy specifically refer to the insured, the subject exclusion fails to specify to whom it applies, which it could easily have done. Considering the context in which the exclusion regarding the use of aircraft appears, the exclusion is susceptible of being construed to apply either (1) only to the insured's use of an aircraft, or (2) to any person's use of an aircraft. It follows that the exclusion should be read to apply only to the use of an aircraft by the insured under the policy. *Atlantic Wood Indus. v. Lumbermen's &c. Alliance*, supra.

Neither this court nor the Supreme Court has established a binding precedent construing the exclusion contained in the policy in this case. (In *Golder v. United Svcs. Auto. Assn.*, 177 Ga. App. 194 (338 SE2d 771) (1985), which involved a similar exclusion for injury arising out of the use of an aircraft, two out of three judges agreed that the exclusion did not apply where someone other than the insured used the aircraft, but that decision is a physical precedent only, pursuant to Rule 35 of the Rules of the Court of Appeals.) Consequently, all the parties to this appeal rely upon cases from other jurisdictions as persuasive authority to support their respective positions.

In *Southern Farm &c. Ins. Co. v. Adams*, 570 SW2d 567 (Tex. Ct. App. 1978), relied upon by Ivey and Smith, where the insured was sued by an individual whose vehicle was sprayed by a cropduster hired by the insured, a similar exclusion was found to be inapplicable because the aircraft was not owned or used by the insured. In *Wilkins v. American Motorists Ins. Co.*, 388 SE2d 191 (N. C. App. 1990), relied upon by First of Georgia, the insured was sued over the crash of an aircraft, for an alleged failure to warn and negligent instruction regarding the operation of an airplane, and essentially the same ex-

clusion was found to be unambiguous and effective to exclude coverage under the policy. However, in *Wilkins*, the insured possessed an ownership interest in the aircraft in question, which supplied an additional basis for application of the exclusion. Notwithstanding some similarity between the facts in *Wilkins* and those in the instant case, *Adams* is more persuasive because it also involved an insured who possessed no ownership interest in the aircraft.

In summary, in seeking declaratory judgment, First of Georgia did not contend that the occurrence which formed the basis for Smith's action against Ivey was not an occurrence generally covered under the homeowner's policy issued to Ivey. Rather, it asserted that coverage for the occurrence was specifically excluded. However, because the exclusion regarding the use of aircraft, as drafted by First of Georgia, is susceptible of two constructions, one limiting its application to the insured only and the other allowing its application to the use of an aircraft by any person, the construction favoring the insured should be followed.

In concluding otherwise, the majority opinion advances a position not even asserted by the insurer in this case, i.e., that in providing ground to air instruction Ivey was "using" the aircraft within the meaning of the exclusion. In doing so, however, the majority opinion necessarily applies a liberal definition of the word "use," extracted from *Ga. Farm Bureau Mut. Ins. Co. v. Greene*, 174 Ga. App. 120 (329 SE2d 204) (1985), a case involving construction of the liability portion of an automobile insurance policy. In *Greene*, a nine-year-old student was injured while crossing a highway after the substitute school bus driver failed to turn onto the highway before allowing the child to exit the bus and she was injured while crossing said highway, which crossing was made necessary by the negligence of the driver in unloading at the wrong location. The insurer sought to avoid coverage alleging that the crossing was not a "use" under the policy.

*Greene*, supra at 122 cited, *Hartford Accident &c. Co. v. Booker*, 140 Ga. App. 3 (230 SE2d 70) (1976), for the proposition that "[t]his court has adopted a liberal definition of the word 'use.'" However, both *Booker* and *Greene* involved the construction of the term "use" *under the coverage provisions* of such policies, which requires a liberal interpretation of the policy, and not, as in the instant case, the construction of the *exclusion* language of the policy, which requires a strict interpretation of same.

The majority opinion's reliance upon *Greene* is misplaced for two reasons. First, *Greene* (and the majority of the cases cited therein) involved construction of terms under the general coverage provisions of the policy, and not the exclusions, and liberal construction of a term thus may have been appropriate. However, "[e]xceptions, limitations and exclusions to insuring agreements require a narrow con-

struction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms." (Citations and punctuation omitted.) *Hirschfield v. Continental Cas. Co.,* 199 Ga. App. 654, 655 (405 SE2d 737) (1991). Secondly, *Greene* was a two-judge decision and thus possesses no binding, precedential value. If such physical precedents could be relied upon, then *Golder v. United Svcs. Auto. Assn.,* supra, and not *Greene,* would be dispositive of the instant case.

As stated above and conceded by the insurer, the issue in this case is whether the insurance policy excludes coverage for bodily injury or property damage arising out of the use of an aircraft *by the insured,* or excludes coverage for the use of an aircraft *by any person.* The law favors coverage under insurance contracts, and consistent with that policy, general coverage provisions are construed liberally and exclusions are construed narrowly. Applying those general principles in the instant case, the policy exclusion should be limited to the use of an aircraft by the insured himself. As it is uncontroverted that Ivey was not using the aircraft at the time of the injury, coverage was not excluded under the policy and First of Georgia was not entitled to declaratory judgment.

Accordingly, I must respectfully dissent from the majority opinion's contrary conclusion.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED JULY 14, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 — 

*Lawrence J. Pond, Thomas W. Malone,* for appellant (case no. A93A0056).

*White, Smith, Howard & Ajax, John A. Howard, Kenneth B. Hodges III,* for appellant (case no. A93A0057).

*Hodges, Erwin, Hedrick & Kraselsky, Edmund A. Landau III,* for appellee.

