20 N.J. Super. 609 (1952)
90 A.2d 108
MODERN AIR TRANSPORT, INC., A NEW YORK CORPORATION, PLAINTIFF,
v.
PACIFIC AIRMOTIVE CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 16, 1952.
*610 Mr. Max L. Rosenstein, attorney for the plaintiff.
Mr. Lewis Winetsky, attorney for the defendant.
CLEARY, J.S.C.
Defendant moves for a summary judgment in its favor on the complaint. The action is in replevin for an aircraft engine. Defendant claims the right to a lien thereon pursuant to N.J.S. 2A:44-1 for sums due to it for repairing the engine. Plaintiff denies that defendant is entitled to a statutory lien for the reason that the work was *611 not done on an aircraft, but only on an engine which, at the time when the repairs were made, was not in an aircraft.
If the defendant is entitled to a lien, then under the statute it was not required to surrender the engine without compliance with the statutory requirements. N.J.S. 2A:44-4 requires that the owner first demand a statement showing the true amount claimed. Upon receiving the statement, if the owner considers the amount excessive, he must offer what he considers to be reasonably due and demand possession of the aircraft or part thereof detained. Thereafter, he may bring a statutory action to recover possession. He must deposit the amount claimed and $50 to cover costs or file a bond in double these amounts. The bond must be in the form prescribed by the court. Presumably, it would be conditioned for the payment of the amount which the court may determine to be due to the hangar keeper, plus costs.
Plaintiff has not followed the course prescribed by the statute, but has brought an action in replevin, posting a bond for $16,000 conditioned for the return of the engine in the event that the return is adjudged to the defendant, or payment of such damages in case of failure to return. If defendant has a lien, it is entitled to return of the engine and plaintiff may not avoid the statutory provisions requiring tender of a reasonable sum and posting of security for payment of the repair bill. However, if defendant has no lien, it has no right to the benefits of the statute.
Defendant claims a lien only by virtue of the statute. No question as to existence of a common law lien is presented.
N.J.S. 2A:44-2 reads, in part, as follows:
"Any person, engaged in the business of operating a hangar or place for the storage, maintenance, keeping or repairing of aircraft who, in connection therewith, stores, maintains, keeps or repairs any aircraft or furnishes gasoline, accessories, materials or other supplies therefor at the request or with the consent of the owner or his representative, agent or lessee, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, shall have a lien upon such aircraft or any part thereof for the sum due for such storing, maintaining, keeping or repairing of such aircraft or *612 for furnishing gasoline, accessories, materials or other supplies therefor, and may without process of law, detain such aircraft at any time it is lawfully in his possession until such sum is paid."
N.J.S. 2A:44-1 defines "aircraft" as follows:
"`Aircraft' means any contrivance invented, used or designed for navigation or flight in the air except a parachute or other contrivance designed for such navigation but used primarily as safety equipment."
It should be noted that the statute distinguishes between aircraft and "any part thereof." The lien covers any part of the aircraft. But the lien is given only for "the sum due for * * * repairing of such aircraft * * *." It is clear that no lien is given for repairing a piece of machinery which may have been a part of an aircraft, or may become such a part, or is suitable for such use. No lien is given for repairing an aircraft part.
It is not necessary to decide how much of an aircraft must be present to come within the statutory definition. The engine alone is not an aircraft any more than a single nut or bolt taken from an aircraft.
On this motion, plaintiff is not required to prove its case with finality. Since the defendant, the moving party, has failed to show its clear right to judgment and the absence of any genuine issue of fact, the case must go to trial.
The motion for a summary judgment must be denied.