Freddie JACKSON et al., Appellants,

v.

CITY OF CORPUS CHRISTI, Appellee.

No. 708.

Court of Civil Appeals of Texas, Corpus Christi.

May 31, 1972.

Rehearing Denied July 31, 1972.

Second Rehearing Denied Sept. 7, 1972.

Stone, Luther & Dyer, Curtis B. Dyer, Corpus Christi, for appellants.

Richard Bradshaw, Asst. City Atty., Corpus Christi, for appellee.

OPINION

BISSETT, Justice.

This is an appeal from a summary judgment for the defendant City of Corpus Christi, wherein the sole issue is whether the trial court properly applied the doctrine of municipal immunity from tort liability.

Plaintiffs sued Jack E. Snyder and the City of Corpus Christi for personal injuries sustained by them on June 8, 1971, when the car in which they were riding collided with defendant Jack E. Snyder's stalled vehicle. Aside from the allegations as to parties and the prayer, their First Amended Original Petition, their trial pleading, reads as follows:

·II.

"On or about June 8, 1971, Plaintiffs were riding in a southerly direction on U. S. Highway 181, Nueces Bay Causeway, Nueces County, Texas, when they collided with the Defendant Jack E. Snyder, vehicle, which was stalled in the left through land of traffic. The Defendant, Jack E. Snyder, negligently left his stalled vehicle unattended in the left traffic lane with no lights on, no flares or other warning devices. Officers R. V. Torres and J. M. De La Garza, while in the course and scope of their employ-

ment for the Defendant, City of Corpus Christi, were negligent in failing, when they came upon the said stalled, unattended vehicle, to direct traffic and to have the vehicle towed away and leaving the scene unattended and/or not making arrangments for someone to attend the stalled vehicle. The collision caused Plaintiffs severe personal injuries requiring medical treatment and pain and suffering and loss of wages. Plaintiffs have been and are still under medical treatment but it is clear that their damages will be in excess of One Thousand and NO/100($1,000.00) for the Plaintiffs. Plaintiffs reserve the right to amend their petition when their medical treatment is completed to show the Court and Jury the exact amount of their damages."

Plaintiffs took a non-suit as to the defendant Jack E. Snyder on November 3, 1971.

The defendant City of Corpus Christi filed a motion for summary judgment, wherein it was pleaded:

". . . The City denies the factual allegations made in the Plaintiffs' First Amended Petition but says that even assuming they are true that the allegations judicially admit and establish that the Plaintiffs' claim against the City is based on acts of a governmental nature and performed in the exercise of a governmental function and the City herein claims its right of immunity from liability for such acts and alleges that it is entitled to a judgment as a matter of law that the Plaintiffs take nothing by their suit."

The motion for summary judgment was not supported by deposition, affidavit, interrogatories and their answers, or by any document of any nature.

The motion for summary judgment was granted and a take-nothing judgment was entered by the trial court. Plaintiffs have

duly and timely perfected an appeal from that judgment. We affirm.

Appellants' sole point of error asserts that "the pleadings of the Plaintiffs were and are more than sufficient to raise a material issue of fact and the granting of a Summary Judgment was not in any way justified."

■ When performing a governmental function, a city, except in those situations within the purview of Article 6252-19, known as the "Texas Torts Claim Act", effective January 1, 1970, is not liable for the torts of its employees, agents or officials. City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753 (1960); Meska v. City of Dallas, 429 S.W.2d 223 (Tex.Civ.App.—Dallas 1968, writ ref'd).

■ It has long been the rule in this State that the regulation, direction and control of traffic on, over and across a public street or highway is a governmental function as a reasonable exercise of police power, and that while engaged in such function a city is not liable in damages for the negligent acts or omissions of its employees, agents or officials. Scroggins v. City of Harlingen, 131 Tex. 237, 112 S.W.2d 1035, 114 S.W.2d 853 (1938); City of Abilene v. Woodlock, 282 S.W.2d 736 (Tex.Civ.App.—Eastland 1955, writ ref'd); Parson v. Texas City, 259 S.W.2d 333 (Tex.Civ.App.—Fort Worth 1953, writ ref'd).

Appellants concede that the two officers, employees of the City of Corpus Christi, were engaged in the exercise of a government function at the time of the accident. However, they contend that the allegations of their First Amended Original Petition, quoted above, are sufficient (a) to raise a material fact issue as to whether or not the City of Corpus Christi is liable to them in damages, and (b) to raise the issue of whether or not the City is entitled to the defense of governmental immunity. They argue that acts or omissions of the police

officers of the City of Corpus Christi at the time in question and under the circumstances alleged in their trial pleading constituted actionable negligence within the contemplation of Section 3 of the Texas Tort Claims Act. Plaintiffs' position and argument cannot be sustained.

Section 3 of Article 6252–19, V.A.C.S., in part provides:

"Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office *arising from the operation or use of a motor-driven vehicle* . . ., under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, *under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state* . . . ." (emphasis supplied)

█ Plaintiffs say that the alleged acts or omissions of the police officers at the time and under the circumstances of the occurrence in question are acts or omissions *arising from the operation or use of a motor-driven vehicle.* We do not agree. Plaintiffs have alleged four specific acts or omissions of negligence, each of which is associated with the modes or means which the officers could have taken, in plaintiffs' opinion, to rectify a situation that involved the resolution of a traffic problem, i. e., a vehicle stalled on a public highway. The allegations of negligence relate directly to the control of traffic. The acts or omissions complained of do not in any way arise from the operation or use of a motor vehicle. The Act does not define the words "operation" and "use"; therefore, the common and ordinary meaning of the words should be applied. Satterfield v. Satterfield, 448 S.W.2d 456, 459 (Tex.Sup.1969). Webster's Seventh New Collegiate Dictionary defines the word "operation" as "a doing or performing of a practical work or of something involving practical application of principles or processes" and the word "use" as meaning "the act or practice of employing something".

█ When we apply the common and ordinary meaning of the words "operation" and "use" to the subject matter of this appeal, it is apparent that Section 3 of the Texas Tort Claims Act was not intended by the Legislature to apply to the particular acts or omissions claimed as negligence in this case. The allegations that the officers failed to direct traffic does not involve the operation or use of a motor-driven vehicle in its common and ordinary sense. Likewise, the failure to have the vehicle towed away, leaving the scene unattended, and the failure to make arrangements for the removal of the stalled vehicle do not constitute negligence arising from the operation and use of a motor-driven vehicle. The allegations of negligence relate to the doing or performing of something involving the practical application of the principles or processes of directing and controlling traffic, not to the practical application of principles or processes of operating a motor-driven vehicle.

We follow the decision of this Court in Voigt v. City of Corpus Christi, 419 S. W.2d 445 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.), where it was held:

"Defendant city's motion having been directed to plaintiff's pleadings is closely analogous to a special exception challenging the sufficiency of plaintiff's pleadings as a matter of law. Assuming the truth of all material facts alleged, we hold that no cause of action was stated

by plaintiff when confronted with defendant's plea of governmental immunity; and even though due proof should be made of the pleaded facts, the court would be required to give an instructed verdict for defendant; hence, the summary judgment was properly rendered . . . ."

In the instant case, assuming the factual allegations contained in plaintiffs' trial pleading are true, we hold that no cause of action was stated by plaintiffs against the defendant City when confronted with its plea of governmental immunity. The summary judgment was properly rendered.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

■ Appellants continue to argue the applicability of the Tort Claims Act to the case at bar. Underlying their argument is the contention that the removal of the police vehicle from its stopped position behind Mr. Snyder's car, under the circumstances alleged, constituted negligence "operation and use" of a motor vehicle within the meaning of Section 3 of the Act. We do not agree. Section 3 requires that the negligence arise from the "operation or use" of the vehicle. The negligence alleged did not so arise.

■■ We are not here concerned with whether or not the allegations set out in appellants' pleadings raise a material fact issue. Such factual allegations are assumed to be true. Only the pleadings of the parties are considered in this appeal. A summary judgment is authorized on the pleadings when the plaintiff's petition fails to state a cause of action. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971). The facts alleged in appellants' petition, in the face of appellee's plea of governmental immunity,

required the rendition of summary judgment in favor of appellee.

In their motion for rehearing, appellants, for the first time, assert that their pleadings did state a cause of action because they alleged that the police officers, in failing to have the stalled vehicle towed away and in leaving the scene unattended, created a dangerous physical obstruction of the street. They rely on the statement made by the Court in Parson v. Texas City, 259 S.W.2d 333 (Tex.Civ.App.—Fort Worth 1953, writ ref'd), "When a city, in the exercise of its governmental function of controlling traffic, uses means that constitute a dangerous physical obstruction of the street, it commits an affirmative wrong for which recovery will be allowed", which appears on page 336 of the opinion.

■ There are several reasons why appellants' new theory and argument cannot be sustained. In the first place, appellants alleged that the occurrence in question took place on "U. S. Highway 181, Nueces Bay Causeway, Nueces County, Texas"; there is no allegation that U. S. Highway 181 is a street within the corporate limits of Corpus Christi, or that it was the duty or responsibility of the City to maintain that highway. In the second place, there is no allegation in appellants' petition that the City, in the exercise of its governmental function of controlling traffic, used means that created a dangerous physical obstruction of a street. In the third place, appellants do not allege that the acts of omission by the police officers created a hazardous or dangerous condition that constituted a nuisance that was caused, created or permitted by the City. See Braun v. Trustees of Victoria Independent School District, 114 S.W.2d 947 (Tex.Civ.App.—San Antonio 1938, writ ref'd). The real basis of appellants' claim, according to their pleadings in the instant case, was negligence in the control of traffic, not negligence in creating or maintaining a nuisance.

In the Parson case, the plaintiff sued the City for damages sustained in a collision of two cars at a street intersection. It was alleged that the collision was caused by the negligence of the city in not keeping a traffic light at the intersection in good repair with the result that the light showed green simultaneously on each of the intersecting streets. The question there was whether the plaintiffs in fact alleged that the city created or maintained a nuisance. Summary judgment for the defendant city was upheld by the Court of Civil Appeals. It was recited in the opinion that the maintenance of the signal light in the condition described in plaintiffs' petition did not constitute a nuisance making the defendant city liable. The Parson case is not authority for appellants' contention.

We have read all of the authorities, including the out of state cases Epps v. South Carolina State Highway Department, 209 S.C. 125, 39 S.E.2d 198 (1946); Deese v. Williams, 237 S.C. 560, 118 S.E. 2d 330 (1961); Grubaugh v. City of St. Johns, 384 Mich. 165, 180 N.W.2d 778 (1970); and Reich v. State Highway Department, 386 Mich. 617, 194 N.W.2d 700 (1972); cited by appellants in their motion for rehearing. In our opinion, none of them are controlling of the case at bar. In one, the State Highway Department truck that caused the damage was actually engaged in the repair of a highway when it blocked the highway and caused plaintiff to be injured in a collision between plaintiff's car and the truck. In another case, the court simply noted the rule that the State (South Carolina) is required to keep its highways in a reasonably safe condition for travel. The two Michigan cases dealt with the 60-day notice provision of the Michigan Tort Claims Act. All of appellants' cases can be distinguished factually from the instant case.

Appellants' motion for rehearing is overruled.