Kathy STEELE and Ross Bell,
Appellants,

v.

James BARBIAN, Appellee.

No. 9250.

Court of Civil Appeals of Texas,
Amarillo.

Aug. 12, 1981.

Judge & Brown, John Judge, Amarillo,
for appellants.

Underwood, Wilson, Sutton, C. A. Stein,
Berry, Stein & Johnson, Amarillo, for appel-
lee.

REYNOLDS, Chief Justice.

Kathy Steele and Ross Bell suffered a
take-nothing summary judgment in their
suit against James Barbian, a City of
Amarillo employee, to recover property
damages caused by his negligent failure to
provide water to a fire hydrant. Because
Barbian conclusively established his affirm-
ative defenses of a statutory bar and gov-
ernmental immunity, we affirm.

In 1976, the City of Amarillo undertook
to improve and widen the roadway of West-
ern Street. It was necessary to move fire
hydrants at several locations, one of which
was at the corner of Western Street and
Scotty Drive. The relocation entailed shut-

ting off water to the hydrant, installing additional pipe, and resetting the fire hydrant in cement. Water could not be restored to the hydrant for the several days it took the cement to set.

The Western Street-Scotty Drive fire hydrant was relocated in November of 1976. A short distance from the relocation, at 4205 Scotty Drive, Ross Bell owned real property improved with a house situated thereon. Kathy Steele leased the property from Bell.

On 6 August 1977, Bell's house caught fire and the City's fire department responded to a summons. Upon connecting hoses to the relocated Western Street-Scotty Drive fire hydrant, the firemen discovered there was no water supplied to the hydrant because, it was later determined, the water valve was closed. By the time the firemen secured a supply of water at a hydrant located approximately one thousand feet away and returned to the fire, the fire had destroyed the house.

Steele and Bell instituted suit against, and to recover their property damages from, the City of Amarillo, road contractor Ivan Dement and the State Department of Highways and Public Transportation. The City was charged with liability under the Texas Tort Claims Act[1] for the negligence of its fire department and water department employees in these respects: the fire department employees' failure to fight the fire in accordance with generally accepted fire-fighting principles, the water department employees' failure to notify the fire department that the hydrant was dry, and both department's employees' failure to see that the water supply was restored to the hydrant.

The City moved for a summary judgment on the ground of its governmental immunity. The City's ground was that the cause of action alleged against it is based solely on the negligence of its agents and employees in the performance of a governmental function, i. e., providing fire protection, and such cause of action is barred by the doctrine of governmental immunity. Steele and Bell responded to the motion.

The court severed the cause of action alleged against the City, granted the City's motion, and rendered a take-nothing summary judgment against Steele and Bell. No appeal was taken from the judgment and it became final. Subsequently, Steele and Bell took a nonsuit in their pending action against the other two original defendants.

Thereafter, Steele and Bell filed the present suit against Barbian in the same district court. They pleaded that their property damages were caused when Barbian, while in the course and scope of his employment as water distribution supervisor of the City's water department and performing proprietary functions, was negligent in failing to: (1) reconnect the water supply to the hydrant, (2) test the hydrant to see that the water supply had been properly reconnected, (3) properly supervise the water department field crew responsible for removal of the hydrant, (4) advise the fire department that the hydrant was dry, (5) reorder reconnection of the water supply to the hydrant in its new location, (6) order proper and appropriate tests to determine that the water supply to the hydrant had been properly reconnected, (7) maintain a proper and appropriate checklist, or other systematic means of insuring that the water supply to the hydrant would be properly reconnected, and (8) exercise ordinary care in the performance of his duties with the City water department distribution section.

Barbian answered and pleaded the affirmative defenses of the doctrines of governmental immunity, res judicata, collateral estoppel and estoppel by judgment. Following his reply to requests for admissions and interrogatories, Barbian's motion for summary judgment came before the court. The grounds of his motion were that Steele's and Bell's pleaded cause of action is barred by (1) the doctrine of governmental immunity, and by (2) the doctrines of res judicata, collateral estoppel and estoppel by

1. Tex.Rev.Civ.Stat.Ann. art. 6252–19 (Vernon 1970; Vernon Supp.1980–1981).

judgment. The latter three doctrines were founded, in the main, on a provision included in the Texas Tort Claims Act in these words:

Sec. 12. (a) The judgment or settlement in an action or claim under this Act shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of a unit of government whose act or omission gave rise to the claim.

Steele and Bell submitted copies of the pleadings filed and the summary judgment rendered in their prior suit against the City, and then responded to Barbian's motion for summary judgment. Their response was that Barbian had not carried his burden of proof to show his entitlement to judgment as a matter of law on the grounds presented to the trial court. Their reason was that this suit, unlike their prior suit against the City for the failure to provide the governmental function of fire protection, is predicated on Barbian's acts and omissions while in the performance of a proprietary function, the facts pertaining to which are unresolved.

Presented with the motion and the response, the court granted the motion and rendered a take-nothing summary judgment. From the judgment, Steele and Bell perfected this appeal.

■ To avoid the summary judgment grounded on the affirmative defense of a statutory bar, Steele and Bell assert that they alleged Barbian's negligence in his performance of a proprietary function, i. e., the maintenance of the waterworks distribution system, and then argue that such issue was neither raised nor decided in their prior suit against the City. Their position is untenable.

Upon analysis, the pleadings of Steele and Bell articulate that their prior action against the City founded on the Texas Tort Claims Act and their present action against Barbian involve the same subject matter— the negligent failure to provide water to the fire hydrant. In their present suit they attribute to Barbian the same negligent failure they previously attributed to the City employees as a basis for their claims for property damages. A final judgment adjudicated their tort claims on the subject matter in their action against the City. The judgment is, by the force of the statutory language, "a complete bar to any action by . . . [Steele and Bell], by reason of the same subject matter, against the employee [Barbian] . . . whose act or omission gave rise to the claim." Under these circumstances, the statutory bar foreclosed the action Steele and Bell brought against Barbian.

Beyond that, Barbian was entitled to the summary judgment on the ground of governmental immunity presented to the trial court. Under this summary judgment record, it is conclusively established that the negligence charged to Barbian occurred during his performance of the governmental function of providing fire protection for which no liability attaches.

■ We are aware from the record that some of Barbian's employment duties were discharged in the performance of the proprietary function of furnishing water to the City's customers from the same distribution system which supplies water for fire protection. And we have not overlooked the fact that Steele and Bell pleaded Barbian's negligence occurred in his performance of a proprietary function, nor the fact that they cite authorities for the principle, echoed in their pleadings, that liability is imposed for the negligent performance of a proprietary function, albeit a governmental function may be concurrently involved.[2] However, pleadings do not constitute summary judgment proof and, independent of the pleadings, the summary judgment proof must be in the form of admissions, affidavits, depositions and the like. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540, 543–45 (Tex.1971). The focus, then, is not on the pleaded function, but is on the proven function out of which the

2. *E. g., City of Houston v. Bush,* 566 S.W.2d 33 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r.

e. ); *City of Waco v. Buzby,* 396 S.W.2d 469 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.).

claims for damages arose. *Dancer v. City of Houston,* 384 S.W.2d 340, 345 (Tex.1964).

All of the summary judgment proof bearing on Barbian's negligent failure to provide water to the hydrant, the omission upon which Steele and Bell base their claims, occurred solely in connection with the City's function of providing fire protection. There is no proof that any of Barbian's omissions made the basis of Steele's and Bell's complaint occurred during his performance of the function of furnishing water to the City's customers.

■ Historically, a city has not been liable for the negligence of its officers and employees in the performance of a governmental function, one of which is providing fire protection. *City of Port Arthur v. Wallace,* 141 Tex. 201, 171 S.W.2d 480, 481 (1943). Particularly, a city is not liable for property burned where the city failed to supply water. *House v. Houston Waterworks Co.,* 88 Tex. 233, 31 S.W. 179, 185 (1895). And the individual performing the governmental function of providing fire protection can be charged with no greater responsibility than that imposed on the city. *Id.*

This governmental function immunity was not altered by the Texas Tort Claims Act, which opens the door to waiver of governmental immunity. The Act, as amended to include liability for property damage, provides that the governmental unit is, subject to specified exceptions, only "liable for money damages for property damage ... when proximately caused by the negligence or wrongful act or omission of any officer and employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment ...." Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 3 (Vernon Supp.1980–1981). *Accord,* Olson, *Governmental Immunity from Tort Liability,* 31 Baylor L.Rev. 485, 492 (1979). That circumstance is not present in this action. Moreover, except to the extent that it waived governmental immunity, the Act preserved the existing individual immunity of public officers from tort claims for dam-

ages. Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 15 (Vernon 1970). It follows that, under this record, Barbian was entitled to protection of the doctrine of governmental immunity.

We have considered each facet of Steele's and Bell's points of error. All are overruled.

The summary judgment of the trial court is affirmed.