Maria NARANJO, Individually and as Next Friend and Guardian of Joe Naranjo, A Minor, and Joe Naranjo, Sr., Appellants,

v.

**SOUTHWEST INDEPENDENT SCHOOL DISTRICT and Ben Lopez, Appellees.**

No. 04–88–00593–CV.

Court of Appeals of Texas, San Antonio.

Sept. 6, 1989.

Rehearing Denied Oct. 5, 1989.

Anita J. Anderson, San Antonio, for appellants.

Sharon E. Callaway, Groce, Locke & Hebdon, San Antonio, for appellees.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a summary judgment in favor of Southwest Independent School District (SISD) and Ben Lopez, an instructor in the District. Maria Naranjo, individually and as next friend of her son, Joe Naranjo, Jr., together with the father, Joe Naranjo, Sr., sued for damages arising from injuries to Naranjo, Jr., a student. The action was based on allegations of negligence of Lopez.

Joe Naranjo, Jr. sustained injuries while working on the carburetor of an automobile as a student in an auto mechanics class. Students in the class worked on privately owned automobiles under the instruction and supervision of Lopez at the Southwest High School campus. Lopez instructed Naranjo to begin work on a Ford Mustang which had been brought in for repair. Lopez then went into another room. When the engine failed to start, Naranjo and two other students attempted to "prime" the carburetor, using a procedure whereby gasoline is poured directly into the carburetor prior to cranking the engine. As Naranjo was pouring the gasoline into the carburetor, another student turned the ignition. This resulted in an explosion which ignited the gasoline. As Naranjo jumped back, the burning gasoline splashed on his face, neck, chest and arms causing severe burns.

SISD and Lopez moved for and were granted summary judgment on the basis of immunity pursuant to TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.021 (Vernon 1986) and 101.051 (the Tort Claims Act) (Vernon 1986 and Supp.1989), and TEX. EDUC.CODE ANN. § 21.912 (Vernon 1987).

A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any theories pled. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). A defendant who moves for summary judgment has the burden to show as a matter of law that no material issue of fact exists as to the plaintiff's cause of action and that movant is entitled to judgment as a matter of law. *Griffin v. Rowden*, 654 S.W.2d 435, 435–36 (Tex.1983). *See Bradley v. Quality Service Tank Lines*, 659 S.W.2d 33, 34 (Tex.1983). This may be accomplished by showing that at least one element of the plaintiff's cause of action has been established conclusively against the plaintiff. *Gray v. Bertrand*, 723 S.W.2d 957 (Tex.1987). The question on appeal is not whether the summary judgment proof raises a fact issue, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine fact issue as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). SISD and Lopez, as movants, had the burden to conclusively prove their defense as a matter of law. They based their defense on proof that the crucial element, that the injuries arose from the operation or use of a motor-driven vehicle, *see* § 101.021, *supra*, did not exist in this case.

■ The appellants first claim the trial court erred in granting summary judgment in favor of the school district because immunity from the cause of action is waived under the Texas Tort Claims Act. TEX. CIV.PRAC. & REM.CODE ANN. § 101.001 *et seq.* (Vernon 1986 & Supp.1989). This court must determine the limits of the waiver from the language used.

As an agency of the State, SISD is immune from liability for the negligence of its agents or employees except to the extent that such immunity is waived by the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986), which a governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Only when the legislature has clearly and explicitly waived the State's sovereign immunity may a cause of action accrue. *Duhart v. State*, 610 S.W.2d 740, 742–43 (Tex. 1980).

The statute is clear that school districts may not assert the defense of sovereign immunity in cases involving the "operation or use of a motor driven vehicle." TEX. CIV.PRAC. & REM.CODE ANN. § 101.051 (Vernon 1986 & Supp.1989). Because the legislature failed to define the phrase "operation or use," it must be construed according to the ordinary meaning of the terms "operation" and "use." *Mount Pleasant Indep. School Dist. v. Lindburg*, 766 S.W.2d 208, 211 (Tex.1989); *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex. 1969); *see also* TEX.GOV'T CODE ANN. § 311.011 (Vernon 1988). "Operation" refers to "a doing or performing of a practical work," *Mount Pleasant, supra*, and "use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Id.*

The legislature insulates school districts with narrow liability under the Tort Claims Act, by limiting their liability for torts "except as to motor vehicles." § 101.051, *supra*. The language of the Act has been construed to mean that a person must be injured by a motor vehicle in order to recover from a school district. *Bryant v. Metropolitan Transit Auth.*, 722 S.W.2d 738, 741 (Tex.App.—Houston [14th Dist.] 1986, no writ). The courts have also interpreted operation or use of a motor driven vehicle as involving:

The transportation of a person from one place to another, and such transportation necessarily includes the act of stopping the vehicle when one has reached one's destination. It also includes the act of leaving the motor of the car running in order that one may make a more rapid exit.

*Finnigan v. Blanco County*, 670 S.W.2d 313, 316 (Tex.App.—Austin 1984, no writ). Additionally, the courts have recognized that is necessary to distinguish between events taking place as a result of the negligent operation or use of the motor vehicle itself and those allegations related to the direction, control and supervision of students, holding that summary judgment is proper where the claims relate to the latter. *Estate of Garza v. McAllen Indep. School Dist.*, 613 S.W.2d 526, 528 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.), citing *Jackson v. City of Corpus Christi*, 484 S.W.2d 806 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.).

In the present case, plaintiff was not injured by the motor vehicle itself. Rather, his injury was the result of the gasoline which spattered from the cup in his hand. Further, the explosion resulted from the other students turning the ignition in direct contravention of safety rules. The instructor was not transporting the students, nor was he the driver of the car, nor did he exit the car and leave the motor running. In fact, the incident occurred, according to plaintiffs' pleadings, as a result of the instructor's direction, control and supervision of the students. Such claims do not warrant a waiver of immunity under the Texas Torts Claims Act. Moreover, those claims relate to SISD's hiring, supervision and instruction of Instructor Lopez, and would provide no basis for liability under the Texas Tort Claims Act. *Gonzales v. Lubbock State School*, 487 S.W.2d 815, 817 (Tex.Civ. App.—Amarillo 1972, no writ).

While plaintiffs would ask that we provide a broad reading of the statute, it is important that statutory provisions should not be isolated from the surrounding language and construed apart from their context. *Jessen Assoc., Inc. v. Bullock*, 531 S.W.2d 593, 601 (Tex.1975). Any waiver of governmental immunity greater than that originally intended is a matter to be addressed by the legislature. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297 (Tex.1976). The summary judgment evidence reflects that, as a matter of law, the personal injuries were not caused by the "operation or

use of a motor-driven vehicle." Point of error one is overruled.

■ In their second point of error, appellants allege that the trial court erred in granting summary judgment in favor of Lopez because immunity was waived pursuant to TEX.EDUC.CODE ANN. § 21.912(c) (Vernon 1987) for injuries arising out of the operation, use and maintenance of a motor vehicle. Sections 21.-912(b) & (c) provide:

(b) No professional employee of any school district within this state shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.

(c) This section is not applicable to the operation, use, or maintenance of any motor vehicle.

Moreover, TEX.EDUC.CODE ANN. § 13.503(c) (Vernon 1987) states: "A non-certified teacher is immune from personal liability for acts or omissions in the scope of employment to the same extent that a certified teacher is immune...."

Section 21.912(b) grants qualified immunity to school employees for acts done within the scope of their employment involving judgment or discretion. *Barr v. Bernhard*, 562 S.W.2d 844, 848 (Tex.1978). However, such immunity does not extend to acts incident to the operation, use, or maintenance of motor vehicles. Although there is scant law specifically interpreting the provision (*see, Hopkins v. Spring Indep. School Dist.*, 736 S.W.2d 617, 618 (Tex.1987); *Pierson v. Independent School Dist.*, 698 S.W.2d 377, 380–81 (Tex.App.— Houston [14th Dist.] 1985, writ ref'd n.r.e:), we must give full effect to subdivision (c), because it is well established that every word in a statute is presumed to have been used for a purpose. *Jessen Assoc., Inc. v. Bullock*, 531 S.W.2d 593 (Tex.1975). Because the language in section 21.912(c) is similar to that used in the Texas Tort Claims Act, our foregoing analysis applies. Therefore, we adopt our previous reasoning regarding "operation" or "use." The ordinary meaning of the term "maintenance" in this context means the upkeep of a motor vehicle. In that regard the motor vehicle must be utilized to transport persons and the statute contemplates a "running" or road-worthy vehicle. We hold that a teaching tool or teaching equipment, as was this immobilized Ford, is not such a "motor vehicle" as would trigger the application of the subsection (c), thereby resulting in waiver of immunity pursuant to section 21.912(c), *supra*. Therefore, the element of the cause of action (that the school employee was guilty of negligent acts or omissions involving a motor vehicle) could not be proved. The court correctly granted summary judgment as to application of section 21.912(c). The second point is overruled.

The judgment is affirmed.