Joyce LeLEAUX, Individually and as Next Friend of Monica LeLeaux, a minor and Monica LeLeaux, By and Through Next of Friend, Joyce LeLeaux, Appellants,

v.

HAMSHIRE–FANNETT INDEPENDENT SCHOOL DISTRICT and Darrell Bill, Appellees.

No. 09–89–139 CV.

Court of Appeals of Texas, Beaumont.

Sept. 13, 1990.

Rehearing Denied Oct. 4, 1990.

Dale K. Hanks, Beaumont, for appellants.

Louis M. Scofield, Jr., Mehaffy & Weber, Beaumont, for appellees.

## OPINION

WALKER, Chief Justice.

This is a negligence personal injury suit brought by Joyce LeLeaux, individually and on behalf of her minor daughter, Monica, and by Monica in her own right for injuries Monica suffered on October 10, 1987, while on a school-sponsored band trip. Monica was injured while entering a school bus through the emergency rear exit and the extent of those injuries were hotly disputed at the trial court level. The LeLeauxs filed suit against Hamshire–Fannett Independent School District ("HFISD") pursuant to Chapter 101, TEX. CIV.PRAC. & REM.CODE ANN. (Vernon 1986), commonly referred to as the Texas Tort Claims Act, and against Darrell Bill,

the bus driver. Monica LeLeaux was a sixteen year old junior at Hamshire–Fannett High School and along with other band members, she had ridden by school bus to Little Cypress–Mauriceville High School where they participated in a band competition. After their presentation was over, the students had free time during which they could visit with one another or watch other bands compete.

During Monica's free time, she and a friend, J.R. Thompson, decided to sit on pillows at the back of the school bus, seated in the door way of the emergency exit with their legs dangling out. When the band competition was over and Monica and Mr. Thompson heard some of the students coming, Mr. Thompson apparently hopped down and went to meet them. Monica says she hopped to the ground and then hopped back into the door way with her feet on the floor and stood up "real fast", striking her head on the top of the open door way.

No one was on the bus at the time other than Monica. The bus was parked and the bus was not running. The driver of the bus was not on the bus. The regular door was open and useable. No one told Monica to sit in the emergency door way. No one told Monica to jump up onto the floor of the emergency door way. No one told Monica to stand-up quickly in the emergency door way and Monica states that she had done so several times in the past and never hit her head. When asked directly what factually she claimed the school district did wrong, she stated that she was never told not to do what she did and that she was under the impression that if she were doing something wrong, she would have been told so.

The school bus driver, Mr. Darrell Bill, was a certified professional bus driver licensed and certified through the Texas Education Agency and the Texas Department of Public Safety carrying a school bus driver's certificate.

Upon completion of discovery, the defendants moved for summary judgment to which plaintiffs responded. After hearing the motion and response, the trial court granted summary judgment in favor of

both defendants, and plaintiff then timely perfected this appeal.

Appellants bring only two points of error which contend that the trial court erred in granting defendant Hamshire–Fannett Independent School District's *motion for summary judgment* and in granting defendant Darrell Bill's motion for summary judgment.

The controlling issue in this case is "did the occurrence in question i.e., appellant's accident, arise out of the operation or use of a motor vehicle."

 The general rule is that a school district, as a political subdivision, is not liable for injuries claimed against it, even if negligent, because of the doctrine of sovereign immunity. There is, however, an exception to this generally stated premise where the claimed injury or injuries arise out of the "operation or use" of a motor vehicle. TEX.CIV.PRAC. & REM.CODE secs. 101.021 & 101.051; *Hopkins v. Spring Independent School District,* 736 S.W.2d 617 (Tex.1987); *Estate of Garza v. McAllen Independent School District,* 613 S.W.2d 526 (Tex.Civ.App.—Beaumont 1981, writ ref'd. n.r.e.).

 Both cited cases are summary judgment cases making clear that concept in Texas law that it is not enough that a school bus, coupled with negligence of a bus driver or the district, be involved in an accident or occurrence, but rather negligence in the "operation" or "use" of the school bus must be the actual cause of the claimed accident or injury.

Appellants' contention appears to be that since appellant hit her head on the bus, then the bus caused the injury. Such is not the law in Texas.

Even more recent is the case of *Naranjo v. Southwest Independent School District,* 777 S.W.2d 190 (Tex.App.—San Antonio 1989, writ denied).

In *Naranjo,* summary judgment was granted in favor of the school district and their instructor in a personal injury lawsuit filed by Maria Naranjo, individually and as next friend of her son, Joe Naranjo, Jr. together with the father, Joe Naranjo, Sr.

Joe Naranjo, Jr. sustained injury while working on the carburetor of an automobile as a student in auto mechanics class. When the engine on the automobile failed to start, Naranjo poured gasoline directly into the carburetor. While Naranjo was pouring the gasoline into the carburetor, another student turned on the ignition, resulting in an explosion which ignited the gasoline and caused Naranjo to be severely burned. The instructor was not operating or using the automobile, in fact, he was not even present.

Plaintiffs brought suit against Southwest Independent School District and the instructor, alleging negligence. Southwest Independent School District and the instructor moved for and were granted summary judgment on the basis of immunity pursuant to TEX.CIV.PRAC. & REM. CODE ANN. secs. 101.021, 101.051 and TEX.EDUC.CODE ANN. sec. 21.912 (Vernon 1987).

The plaintiffs appealed, alleging that the court erred in granting the defendant's motion for summary judgment because their cause of action arose out of the operation and use of a motor vehicle and the State had waived its immunity under the Tort Claims Act.

In determining the scope of the waiver of immunity as to operation and use of a motor vehicle, the court stated:

Additionally, the courts have recognized that [it] is necessary to distinguish between events taking place as a result of the negligent operation or use of the motor vehicle itself and those allegations related to the direction, control and supervision of the students, holding that summary judgment is proper where the claims relate to the latter. *Estate of Garza v. McAllen Independent School District,* 613 S.W.2d 526, 528 (Tex.Civ. App.—Beaumont 1981, writ ref'd. n.r.e.), citing *Jackson v. City of Corpus Christi,* 484 S.W.2d 806 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd. n.r.e.). . . .

In fact the incident occurred, according to plaintiff's pleadings, as a result of the instructor's direction, control and super-

vision of the students. Such claims do not warrant a waiver of immunity under the Texas Tort Claims Act....

*Naranjo, supra* at 192.

The San Antonio Court of Appeals affirmed the summary judgment in favor of the school district because the defendant had properly negated essential elements of plaintiff's cause of action. The alleged injury complained of did not arise out of the operation and use of a motor vehicle by the school district employee.

It is clear from the record in our case that the appellee negated all essential elements of appellants' cause of action and that the trial court was correct in entry of the summary judgment since the accident did not arise out of the commonly understood "operation or use" of a school bus. We therefore, affirm the trial court's granting of the summary judgment on that basis and in affirming said summary judgment based on sovereign immunity, we find that this is a bar to the action against the school bus driver, Mr. Darrell Bill. Section 101.106, TEX.CIV.PRAC. & REM.CODE provides:

A judgment in an action ... under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

*Steele v. Barbian*, 620 S.W.2d 875 (Tex.Civ. App.—Amarillo 1981, no writ).

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority holds, as a matter of law, the injuries suffered by Monica LeLeaux did not arise out of the operation or use of a motor vehicle. I disagree. I believe, in this case, there are fact issues to be determined.

The majority cites *Hopkins v. Spring Independent School District*, 736 S.W.2d 617 (Tex.1987); *Naranjo v. Southwest Independent School District*, 777 S.W.2d 190 (Tex.App.—San Antonio 1989, writ denied); and *Estate of Garza v. McAllen Independent School District*, 613 S.W.2d 526 (Tex. App.—Beaumont 1981, writ ref'd n.r.e.), but not *Mount Pleasant Independent School District v. Lindburg*, 766 S.W.2d 208 (Tex.1989).

*Hopkins, supra,* involved a child who suffered seizures while riding a school bus. *Garza, supra,* involved the death of a student who was stabbed while riding a school bus. Both of these cases stand for the proposition that the section 101.051 exception to immunity does not apply when the injuries are not a proximate result of the use or operation of a bus, but the bus only provides the setting for the injury. *Naranjo, supra,* is just not related. A carburetor accident in an auto mechanics class is worlds apart from a student being injured while using the rear door of a bus.

*Mount Pleasant, supra,* is the more persuasive analysis. In that case, a child was killed, by a motorist, after she had gotten off a bus and the bus had departed before the child had crossed the road. The supreme court held the doctrine of sovereign immunity barred the case. They did so, not as a matter of law, but because no issue was requested or submitted to the jury concerning whether the death of the child was proximately caused by the operation or use of the bus and because the evidence did not show, as a matter of law, that the death was caused by the operation or use of a motor vehicle, thus an essential element of the cause of action was waived. *Id.* 766 S.W.2d at 211, 212. The case is controlling because it recognizes that the question of "operation and use" may be a fact question.

In this case, the bus was being used for transportation. There was competent summary judgment evidence that (1) the bus driver had been instructed not to allow students to use the rear door as an entrance or exit, (2) the bus driver had not told the students they could not use the rear door, and (3) the bus driver was aware the students were using the rear door and told the students they could use the rear door, but to be careful. In my opinion, this raised a genuine issue of material fact and thus precluded summary judgment. Therefore, I would reverse and remand. Since the majority affirms, I respectfully dissent.