**Daniel GIBSON and the Town of South Padre Island, Texas, Appellants,**

v.

**Candace Katamay SPINKS, Appellee.**

No. 13–92–080–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 9, 1993.

Rehearing Overruled Jan. 20, 1994.

---

Charles Willett, Jr., J. Arnold Aguilar, Brownsville, Kathleen Henley, Law Offices of James Darling, McAllen, for appellants.

Dennis Sanchez, Sanchez, Whittington & Janis, John Haywood, Brownsville, for appellee.

Before SEERDEN, C.J., and KENNEDY, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

KENNEDY, Justice.

Candace Spinks recovered damages from Daniel Gibson and the Town of South Padre Island for injuries resulting from an automobile accident. Gibson and the Town appeal. We affirm.

While driving a vehicle in the course and scope of his employment with the Town, Gibson failed to yield the right-of-way to the vehicle in which Spinks was riding. Spinks suffered lower back strain and her employability as a nurse was limited. After a bench trial, the court found the Town's sovereign immunity waived under the Tort Claims Act. Tex.Civ.Prac. & Rem.Code Ann. § 101.001, *et seq.* (Vernon 1986 & Vernon Supp.1993). The court awarded $350,000 damages, plus interest and costs, to Spinks. The court imposed the award jointly and severally against Gibson and the Town, but noted that the Town's liability was statutorily limited to $250,000. Gibson and the Town appeal by one point of error.

■ In their discussion of the sole point of error, the parties incidentally raise the issue of whether the Town is properly a party to this appeal.[1] We find that it is. The Town joined the notice of filing of the cash deposit in lieu of bond and filed its affidavit of governmental exemption from the cost bond requirements. These steps perfected the appeal in compliance with Tex. R.App.P. 40(a)(1) & 46 and Tex.Civ.Prac. & Rem.Code Ann. § 6.002 (Vernon Supp.1993). The Town's payment of its liability limit of $250,000 does not eliminate it from the ac-

tion. When a party voluntarily pays the full judgment rendered by the trial court, the appeal becomes moot. *Riner v. Briargrove Park Property Owners, Inc.*, 36 Tex.Sup. Ct.J. 1220 (June 30, 1991) (appeal not mooted by judgment paid involuntarily); *Employees Fin. Co. v. Lathram*, 369 S.W.2d 927, 930 (Tex.1963); *Otto v. Rau Petroleum Prod.*, 582 S.W.2d 504 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Travis County v. Matthews*, 221 S.W.2d 347, 348 (Tex.Civ.App.— Austin 1949, no writ). The court must then order the cause dismissed. *Riner*, 36 Tex. Sup.Ct.J. at 1220; *Lathram*, 369 S.W.2d at 931; *Otto*, 582 S.W.2d 504; *Matthews*, 221 S.W.2d at 349. In the latter three cases, the payment made satisfied the full liability on a particular claim. *Lathram*, 369 S.W.2d at 929; *Otto*, 582 S.W.2d at 504; *Matthews*, 221 S.W.2d at 348. The award in the instant case, however, has been only partially satisfied. The Town remains in the suit because no one has moved to dismiss it and because the claim on which it was liable and has paid is still unsatisfied.

■ Appellants in their point of error challenge neither the conclusion that sovereign immunity was waived, the finding of liability, nor the amount of damages; they challenge the conclusion that the award can withstand application of the Tort Claims Act. They contend that the court erred in entering findings, conclusions, and a judgment awarding joint and several damages that exceed the Tort Claims Act cap because the judgment against the Town barred plaintiff's action against Gibson under section 101.106 of the Tort Claims Act. That section provides:

A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

Tex.Civ.Prac. & Rem.Code Ann. § 101.106 (Vernon 1986). We disagree with appellants' interpretation.

---

1. We address this point because it concerns whether a party is properly before us. The resolution of this issue does not affect our consideration of the substance of the point of error, however; Gibson and the Town have filed a joint brief and we would reach the same conclusion without the Town.

Case law provides limited guidance to assess appellants' argument. Appellants cite *Steele v. Barbian,* 620 S.W.2d 875 (Tex.App.—Amarillo 1981, no writ) and *LeLeaux v. Hamshire–Fannett Indep. School Dist.,* 798 S.W.2d 20, 23 (Tex.App.—Beaumont 1990), *aff'd on other grounds,* 835 S.W.2d 49 (Tex.1992). Both cases deal with the effect that a grant of summary judgment to a governmental entity has on a suit based on the same facts against an individual. The *Steele* plaintiffs lost on summary judgment to the City of Amarillo. 620 S.W.2d at 876. They then filed suit against an individual based on the same acts and omissions for which they had sued the City. *Id.* The Amarillo court held that the statutory predecessor to § 101.-106 [2] barred plaintiffs' claims against the individual. *Steele,* 620 S.W.2d at 877. The *Steele* case does not control here because of an important procedural difference. In *Steele,* a court had entered judgment against the plaintiffs before they filed suit against the individual on the same facts; here, Spinks filed suit against both jointly. With respect to fact patterns like *Steele,* the legislature appears to have created a mandatory joinder statute with which Spinks complied.

In *LeLeaux,* plaintiffs sued a school district and its bus driver in the same action. 798 S.W.2d at 21. The Beaumont court affirmed the court's grant of summary judgment to the school district because the complained-of act or omission was outside the scope of the waiver of sovereign immunity. *Id.* at 23. The Beaumont court cited *Steele* and § 101.106 in finding that the grant of summary judgment for the school district barred the suit against the bus driver. *Id.*[3] The Beaumont court's analysis does not control here, again because of a different procedural history. The Beaumont court evidently found that, though plaintiffs had sued the school and driver simultaneously, summary judgment for the school district barred further proceedings against the bus driver. Thus, the case could take no more steps toward trial, leaving plaintiff incapable of prevailing. Here, the suit against Gibson and the Town proceeded through trial to judgment against both simultaneously. No further action, save execution of the judgment or appeal by Gibson or the Town, was necessary or possible. The Town's payment of the limits of its liability does not erase the final judgment against Gibson.

We recognize that two other courts of appeal have decided that, when a court enters a judgment simultaneously against a governmental entity and an individual, section 101.-106 bars the judgment against the individual. *White v. Annis,* 864 S.W.2d 127 (Tex.App.—Dallas, 1993, n.w.h.); *Oldham v. Thomas,* 864 S.W.2d 121 (Tex.App.—Houston [14th Dist.], 1993). We respectfully disagree with our colleagues.

■ Our holding that Gibson remains liable does not, as appellant claims, abrogate the Tort Claims Act liability limits found in TEX.CIV.PRAC. & REM.CODE ANN. § 101.023(c) (Vernon Supp.1993). While the Tort Claims Act preserves individual immunities created elsewhere, TEX.CIV.PRAC. & REM.CODE ANN. § 101.026 (Vernon 1986), it does not eliminate individual employees' liability for their own negligence. *See Madisonville Indep. School Dist. v. Kyle,* 658 S.W.2d 149, 150 (Tex.1983); *City of Bedford v. Schattman,* 776 S.W.2d 812, 813–14 (Tex.App.—Fort Worth 1989, no writ); *City of Houston v. Aber,* 770 S.W.2d 89, 90 (Tex.App.—Houston [14th Dist.] 1989, no writ). Appellants contend that the Town will be exposed to liability exceeding the $250,000 cap if it is liable, either outright or through insurance purchased on behalf of an individual, to pay the judgment against Gibson.

The cap in § 101.023(c) limits the direct liability of the Town; the assumption of indirect liability by the Town through payment of judgments against individual employees is governed by separate sections. TEX.CIV. PRAC. & REM.CODE ANN. §§ 101.027 (Vernon 1986) (allowing governmental units to purchase liability insurance protecting employ-

---

**2.** The statutory predecessor was TEX.REV.CIV.STAT. ANN. art. 6252–19, § 12(a) (Vernon 1970).

**3.** The supreme court affirmed the judgment for the bus driver, but did not affirm it on the basis of § 101.106. Rather, it found the bus driver immune from suit under TEX.EDUC.CODE ANN. § 21.912 (Vernon 1987). *LeLeaux,* 835 S.W.2d at 52–53.

ees), 102.002 (allowing local governments to pay for certain awards against employees), and 102.003 (limiting the amount local governments can pay on those awards). The existence of Chapter 102 supports, rather than undercuts, the courts' ability to impose liability against an individual in addition to liability imposed against the government equalling the Tort Claims Act cap. Section 101.027 and Chapter 102 do not allow imposition of liability against the government above the § 101.023(c) cap; instead, they create a mechanism through which governmental entities may provide a degree of protection from damage liability to their servants.[4]

The individual liability of Gibson does not violate the Tort Claims Act cap because the claim against Gibson, although joined with the claim against the Town, is not a claim under the Tort Claims Act and is thus not subject to the limits on municipal liability found in § 101.023(c). *See Schattman,* 776 S.W.2d at 814. The judgment purports to impose joint and several liability against the Town and Gibson for $350,000. It later states, however, that the Town's liability is limited to $250,000. The acknowledgement of the limitation complies with the Tort Claims Act cap on the Town's liability. Thus, Gibson is solely liable for the amount of judgment above the Tort Claims Act cap.

We overrule appellants' point of error and affirm the judgment.

---

4. Appellants warn in their reply brief that the Texas Standard Automobile Policy would exclude liability for accidents occurring within the course and scope of employment from coverage. If so, employees might be liable for torts for which their employer provided no insurance or, at most, the statutorily limited coverage, and find that their own insurance is inapplicable.

Even if appellants had provided support for their assertion, it is a legislatively created dilemma for which we can provide no remedy. The legislature may well have balanced the equities and intended that injured parties have full recovery for their injuries, regardless of the burdens on the tortfeasors. If appellants' representation is correct, all we can do is advise government employees to check with their employer and insurer to determine their exposure to liability from on-the-job accidents.