**CITY OF BEDFORD and Bobby Lee Smith, Relators,**

v.

**Hon. Michael D. SCHATTMAN, Judge, 348th District Court, Tarrant County, Respondent.**

No. 2–89–139–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 13, 1989.

Remington & Jeffrey, and James T. Jeffrey, Jr. Arlington, for relators.

Kugle, Stewart, Dent & Frederick, and Dwain Dent, Fort Worth, for real party.

Before JOE SPURLOCK, II, KELTNER and MEYERS, JJ.

OPINION

KELTNER, Justice.

This mandamus proceeding presents two issues of first impression. First, we are asked to determine whether a cause of action brought against a city employee, for actions in the course and scope of his employment with the City, is an action under the Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.104 (Vernon 1986). Second, we must determine whether the existence, nature, and extent of insurance coverage the City may have provided for the city employee is discoverable from the employee. TEX.CIV.PRAC. & REM. CODE ANN. sec. 101.027 (Vernon 1986).

We hold that a cause of action brought against a city employee, for actions in the course and scope of his employment with the city is not an action under the Tort Claims Act. As a result, the existence, nature, and extent of insurance coverage the city may have provided for the city employee is discoverable from the employee. TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.104 (Vernon 1986).

The plaintiffs, Michael and Nancy Griffin, brought suit as next friends of their daughters, Casey Ann Griffin and Cari Griffin, against the City of Bedford and the driver of one of its trucks, Bobby Lee Smith. The lawsuit resulted from an accident in which the plaintiffs' minor child was injured when the truck driven by Smith struck her at a crosswalk. Her sister was present and witnessed the injury. In their petition, the plaintiffs allege that defendant Smith was in the course and scope of his employment with the City at the time of the accident, and that he and the City were negligent in causing the accident. The petition alleged severe injuries with the possibility of numerous surgical procedures.

Both the City and Smith are represented by the same lawyer. In their answer, the defendants, among other things, raise the limited immunity of the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.023 (Vernon Supp.1989). Nonetheless, the attorney for both defendants candidly admits that the limited immunity of the Act does not apply to defendant Smith. This is supported by *Madisonville Ind. School Dist. v. Kyle*, 658 S.W.2d 149 (Tex.1983) and *City of Houston v. Aber*, 770 S.W.2d 89 (Tex.App.—Houston [14th Dist.] 1989, no writ).

During the discovery phase of the case, $250,000 was tendered into the registry of the court on behalf of the City. This is the limit of the City's liability under the Tort Claims Act. TEX.CIV.PRAC. & REM. CODE ANN. sec. 101.023 (Vernon Supp. 1989). As a result of the tender, the plaintiffs were placed in a dilemma. The Tort Claims Act provides that any settlement with the City would release any city employee. TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.106 (Vernon 1986).

As a result, it was necessary for the plaintiffs to know whether the employee had any assets or insurance policies which could be used to pay any judgment entered against the employee. To this end, the plaintiffs served a notice to take the oral deposition of defendant Smith. The notice requested that Smith produce, among other things, "[a]ll policies of insurance ... which could in any way indemnify or protect [Smith] from any judgment" entered in the case.

Smith filed a "Motion for Protection" which, among other things, stated that the City of Bedford may own a policy which would protect him; but the City of Bedford had declined to furnish a copy of the policy in reliance on section 101.104 of the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.104 (Vernon 1986).

The Tort Claims Act specifically authorizes a governmental unit to purchase insurance policies protecting the unit and the unit's employees against claims governed by the Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.027(a) (Vernon 1986). The Act further provides that the existence and amount of coverage is not admissible or discoverable in any action under the Act, stating:

(a) Neither the existence nor the amount of insurance held by a governmental unit is admissible in the trial of a suit *under this chapter.*

(b) Neither the existence nor the amount of the insurance is subject to discovery.

TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.104 (Vernon 1986) (emphasis added).

The issue of the discoverability of the policy, which may or may not insure the defendant Smith, was submitted to the trial court and the policy was tendered to the court for an in-camera inspection. The court also conducted an evidentiary hearing on the *motion for protection* and heard evidence of the defendant Smith, the city attorney, and an insurance adjuster for the company insuring the City of Bedford.

The city attorney and the adjuster admitted that a policy of insurance existed that might provide coverage for the defendant Smith. Smith testified that the accident occurred while he was in the course and scope of his employment with the City.

The plaintiffs candidly admit that they are prohibited from seeking information regarding insurance coverage from the City; however, they insist the same information is discoverable in their suit against Smith. Specifically, the plaintiffs argue that since Smith is not entitled to limited immunity under the Act, the suit against Smith is not covered by the Act. The plain language of section 101.104 provides that the prohibition against disclosure applies only to suits brought pursuant to the Tort Claims Act.

The trial court agreed and ruled that the policy was discoverable because the suit against Smith was not brought under the Act.

In seeking this writ of mandamus, the City argues that any suit brought against a city or against a city employee, who is in the course and scope of his or her duties with a municipality at the time of the incident, is a suit under the Texas Tort Claims Act. We disagree. While the City has limited immunity because of the provisions of the Act, both parties admit that the City employee does not have any limited immunity. *Madisonville*, 658 S.W.2d at 149; *City of Houston*, 770 S.W.2d at 90.

Therefore, we hold that the cause of action against Smith, although joined in a cause of action against the City, is not a cause of action under the Texas Tort Claims Act. As a result, the provisions of section 101.104 do not protect the insurance coverage from discovery in the cause of action against Smith, because the section does not apply to a suit brought against an employee of a governmental unit.[1]

Therefore, we hold that the trial court did not abuse its discretion in holding that the insurance policy was discoverable from Smith. Accordingly, we withdraw our order granting leave to file the petition for writ of mandamus as improvidently granted.

---

1. If we accepted the City's arguments, the literal language of the Tort Claims Act would lead to absurd results. Obviously, these results were not intended by the drafters. Nonetheless, three sections of the Tort Claims Act combine to create a potential nightmare. Section 101.023 provides limited liability for a governmental unit; but does not provide limited immunity for a governmental unit's employees. Section 101.027(a) gives the City authorization to purchase insurance coverage in an amount in excess of their limited liability, for the protection of their employees. This wise provision allows the governmental unit to protect its employees from suits in the same way employees are protected in the private sector.

Section 101.104 provides that the nature and extent of this insurance coverage for the benefit of the employees is not discoverable. Nonetheless, any settlement by a plaintiff with a governmental unit releases all the governmental unit's employees from liability.

Substantial problems can arise in a suit in which the damages are likely to exceed the governmental entity's limited liability. In such cases, the plaintiffs cannot settle with the governmental entity without knowing if the city employee is insured and the extent of that insurance coverage. Nonetheless, if section 101.104 applies to the suit against the governmental unit employee, as the City of Bedford suggests, the plaintiff is prevented from discovering the information that would allow him or her to settle. Therefore, if we were to accept the City of Bedford's contentions, some suits brought under the Texas Tort Claims Act would be forced to trial without a reasonable possibility of settlement.

This anomalous situation cannot be allowed to exist.