PORT OF HOUSTON
AUTHORITY, Relator,

v.

The Honorable David WEST, Judge of the 269th District Court of Harris County, Texas, Respondent.

No. 01–89–01216–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 1989.

---

Benjamin L. Hall, III, Vinson and Elkins, Houston, for relator.

Jesse P. Luton, Jr., Scott, Douglass & Luton, Houston, for respondent.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

## OPINION

PER CURIAM.

Relator, the Port of Houston Authority (the "Port"), seeks a writ of mandamus vacating the respondent's order compelling production of "all insurance policies which may provide coverage for all of the alleged damages made the basis of this litigation." We overrule the motion for leave to file a petition for writ of mandamus.

The Port sued real party in interest Manchester Terminal Corporation ("Manchester") for filling in and encroaching upon Port properties. Manchester answered and filed counterclaims against the Port for the dispossession of Manchester's property; for erosion of Manchester's shore; for tortious interference; and for violations of Texas antitrust laws. The Port has filed a motion for partial summary judgment asserting that its affirmative defense of governmental immunity against Manchester's claims is established as a matter of law. The mandamus record does not reflect a ruling by Judge West on that motion.

In its mandamus petition, the Port argues that it is absolutely privileged from producing evidence of any insurance coverage by Tex.Civ.Prac. & Rem.Code Ann. § 101.104(b) (Vernon 1986). The Port, citing *Stewart v. McCain*, 575 S.W.2d 509, 512 (Tex.1978), and *Houdaille Indus., Inc. v. Cunningham*, 502 S.W.2d 544 (Tex. 1973), contends that mandamus is the proper remedy when a discovery order involves the disclosure of privileged information.

The Texas Tort Claims Act is codified in chapter 101 of the Civil Practice and Remedies Code. Section 101.104, entitled "Evidence of Insurance Coverage," provides:

> (a) Neither the existence nor the amount of insurance held by a governmental unit is admissible in the trial of a suit under this chapter.
>
> (b) Neither the existence nor the amount of the insurance is subject to discovery.

The Port concedes that subsection 101.-104(a) applies only to actions brought "under this chapter," the Tort Claims Act. The Port argued unsuccessfully in the trial court that subsection 101.104(b) bars discovery of insurance information in this case, which does not involve the Tort Claims Act, because the latter subsection is not qualified by the phrase "under this chapter."

The Port attempts to distinguish a recent decision holding that governmental insurance coverage is discoverable in non-Tort Claims Act proceedings. *City of Bedford v. Schattman*, 776 S.W.2d 812 (Tex.App.—

Fort Worth 1989, orig. proceeding). In that case, the plaintiff sued the City of Bedford and a city employee for personal injuries allegedly inflicted by the employee within the course and scope of his employment. The court of appeals acknowledged that the Tort Claims Act protected the city from producing evidence of insurance coverage, but that the same evidence was discoverable from the employee because the suit against him was not an action brought under the Tort Claims Act. *Id.* at 813–14.

The Port attempts to distinguish the *City of Bedford* case on the ground that only the policies covering the city employee were ordered produced in that case. The Port argues that insurance coverage on the governmental unit itself is absolutely privileged from discovery in any type of lawsuit, notwithstanding the nature of the action. The Fort Worth court made no such distinction in its *City of Bedford* opinion. In that case, the plaintiffs insisted the "same information" that the city need not disclose was nevertheless discoverable from the employee. *Id.* at 814. The court of appeals held: "The plain language of section 101.104 provides that the prohibition against disclosure applies only to suits brought pursuant to the Tort Claims Act." *Id.*

The Port construes the statute too narrowly. The Code Construction Act instructs Texas courts to read statutory words and phrases in context. Tex.Gov't Code Ann. § 311.011 (Vernon 1988). Following the rationale of the Fort Worth Court of Appeals in its *City of Bedford* decision, we hold that section 101.104 must be read as a whole, and that the prohibition against disclosure of governmental insurance coverage applies only in Tort Claims Act litigation.

Accordingly, the motion for leave to file a petition for writ of mandamus is OVERRULED.