**In re SABINE VALLEY CENTER and Christine Wheeler, Relators.**

No. 97–1059.

Supreme Court of Texas.

Feb. 4, 1999.

Tim G. Sralla, Fort Worth, T. John Ward, Houston, Carvan E. Adkins, Daniel R. Barrett, James P. Wagner, Fort Worth, for Relator.

Don W. Kent, Tyler, Alan L. Campbell, Dallas, Frank L. Broyles, Corpus Christi, Jeffrey S. Wigder, David L. Paschall, Dallas, Fred L. Nix, Longview, L. Kent Clay, Fort Worth, for Respondent.

PER CURIAM.

The principal question in this original mandamus proceeding is whether evidence of insurance purchased by a governmental unit under the Tort Claims Act[1] is discoverable. We hold that the Act prohibits such discovery.

Daniel Stolley, individually and on behalf of his two minor daughters, sued Sabine Valley Center, a government mental health care facility, Christine Wheeler, an employee of the Center, and Dr. William Langston, alleging that their negligence caused the suicidal death of his wife, Carolyn, while she was a patient at the Center. Stolley requested Wheeler to produce "[a]ll insurance policies which may provide coverage for any claims asserted by Plaintiffs in this case." Wheeler responded that she had no insurance policies providing her individual coverage and that she objected to producing any of the Center's policies that might cover her on the ground that such information is privileged under Section 101.104 of the Tort Claims Act. Stolley moved to compel production, asserting that the information was not privileged, citing *City of Bedford v. Schattman*,[2] and that in any event Wheeler's objection was untimely. The district court granted Stolley's motion, stating in its order that Section 101.104 "does not protect coverage of a government employee sued in her individual capacity." The court stayed its order to allow the Center and Wheeler to seek relief by mandamus. After the court of appeals denied the Center and Wheeler's mandamus petition, they filed their petition in this Court.

■ The Tort Claims Act waives governmental immunity for limited actual damages in specified circumstances. Section 101.027(a) of the Act states that "[e]ach governmental unit may purchase insurance policies protecting the unit and the unit's employees against claims under this chapter." Section 101.104 states:

> (a) Neither the existence nor the amount of insurance held by a governmental unit is admissible in the trial of a suit under this chapter.
>
> (b) Neither the existence nor the amount of the insurance is subject to discovery.

The references to claims or suits "under this chapter" are confusing because the Act itself creates no claims or causes of action but only waives immunity from liability for those that already exist.[3]

In *City of Bedford v. Schattman*, the court of appeals held that a claim against a governmental employee is not a claim under the Act because an employee is not shielded by governmental immunity, and thus the Act has no bearing on an individual employee's personal liability.[4] The rationale for the court's holding overlooks the protection from liability that Section 101.106 affords a governmental employee once a claim against the employer is settled or adjudicated.[5] More importantly, the court's rationale proves too much. If a claim against a governmental employee is not a claim "under" the Act within the meaning of Section 101.027(a), then it is not one for which the employer can purchase insurance under the Act. If the court of appeals were

---

1. TEX. CIV. PRAC. & REM.CODE §§ 101.001–.109. All statutory references are to the Civil Practice and Remedies Code.

2. 776 S.W.2d 812 (Tex.App.—Fort Worth 1989, orig. proceeding).

3. *See City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex.1997); *City of Denton v. Van Page*, 701 S.W.2d 831, 834 (Tex.1986).

4. 776 S.W.2d at 814. *But cf. City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994) (observing that governmental employees may be entitled to official immunity).

5. *See Thomas v. Oldham*, 895 S.W.2d 352 (Tex. 1995).

correct in *Schattman*, the obvious purpose of the statute—to permit a governmental unit to obtain insurance covering liability claims against its employees—would be defeated.

Stolley, acknowledging that "the reasoning used [in *Schattman*] is certainly subject to criticism, as Relators have aptly done", argues instead that Section 101.104(b) is best interpreted to read: "Neither the existence nor the amount of the insurance [which covers claims made against a governmental unit under the Act] is subject to discovery." This is not a plausible reading of the statute. The phrase, "the insurance", in Section 101.104(b) rather clearly refers to "insurance held by a governmental unit" in the immediately preceding Section 101.104(a). This reference was even more apparent in the original Act, which stated in a single section:

> [A]ll units of government are hereby expressly authorized to purchase policies of insurance providing protection for such units of government, their officers, agents and employees against claims brought under the provisions of this Act.... Neither the existence or amount of insurance shall ever be admissible in evidence in the trial of any case hereunder, nor shall the same be subject to discovery.[6]

We conclude that Section 101.104(b) exempts from discovery the existence and amount of insurance purchased by a governmental unit under Section 101.027(a).

The court in *Schattman* believed, and Stolley argues, that prohibiting discovery of insurance covering a claim against a governmental employee for which the employer may also be liable impairs settlement and is therefore bad policy. As the argument runs, a plaintiff whose claim greatly exceeds the caps on governmental liability under Section 101.023 may be reluctant to settle with the governmental unit because such a settlement triggers the bar against recovery from the employee under Section 101.106. A plaintiff in such circumstances is forced to choose between settling for the governmental unit's maximum liability set by the Act and seeking a judgment solely against the employee in hopes that recovery from the employee will be greater. We do not disagree that the Act

puts such a plaintiff to a difficult choice. But it is well within the Legislature's province to discourage suits brought against governmental employees so that its authorization for governmental units to obtain insurance does not provide an incentive to end-run the statutory caps on governmental liability.

■ While we disagree with *Schattman* and with Stolley's arguments, we are left with determining what claims against governmental employees are under the Act within the meaning of Sections 101.027(a) and 101.104. We think the most plausible answer is all claims for which the employer might have vicarious liability. The principal purpose of the provision is obviously to permit a governmental unit to insure against the liability exposure created by the Act's waiver of immunity. Related to this purpose is the insuring of employees, through which the governmental unit must act, from liability in the same circumstances. We therefore hold that Section 101.027(a) prohibits discovery of insurance covering claims against a governmental unit and against its employees for which it could be liable, directly or vicariously, under the Act.

Stolley argues that relators failed to prove the applicability of Section 101.104(b) because they produced no evidence that the Center is a governmental unit, that Wheeler is its employee, or that any policies of insurance Stolley seeks are held by the Center. It is true that relators put on no evidence, but the status of the Center and Wheeler was not in issue. Stolley stated in his motion that Wheeler was an employee of the Center acting within the scope of her employment. In his briefing in support of his motion to compel, Stolley stated that the issue was whether "the statutory discovery privilege afforded a governmental entity under [Section 101.104] permit[s] a government employee who has been sued in her individual capacity to refuse to disclose applicable insurance coverage which might cover a judgment against her". Thus, Stolley simply did not contest the status of the Center and Wheeler. Relators were also not required to state

**6.** Texas Tort Claims Act, 61st Leg., R.S., ch. 292, § 9, 1969 Tex. Gen. Laws 874, 876.

whether any insurance policies existed in order to assert their claim of privilege.

Accordingly, relators were not required to produce the information as ordered by the district court. Because such information is privileged, relators would have no adequate appellate remedy if required to produce the information.[7] While we could grant mandamus relief,[8] we elect instead to afford the district court an opportunity to reconsider its ruling in light of our opinion.

---

**7.** *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex. 1992).

**8.** *Street v. Second Court of Appeals,* 756 S.W.2d 299, 301 (Tex.1988); *Doctors Hosp. Facilities v. Fifth Court of Appeals,* 750 S.W.2d 177, 179 (Tex.1988); *Lunsford v. Morris,* 746 S.W.2d 471, 472 (Tex.1988).