In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-445 CV


____________________



SOCRATES G. LOPEZ, Appellant



V.



GUY WILLIAMS, SHERIFF OF MONTGOMERY COUNTY, MIKE 
WEINZETTLE, MARTHA KITCHEN, LOCKEY MURRAY, AND 

COUNTY OF MONTGOMERY, Appellees






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 03-10-07663 CV 






MEMORANDUM OPINION
 Socrates Lopez sued Montgomery County and several individuals because his
confiscated property was "lost or stolen" during his incarceration at the Montgomery County
Jail. Lopez appeals the trial court's order granting Montgomery County's plea to the
jurisdiction and a motion to dismiss filed on behalf of the individual defendants. (1) 

 When Lopez entered the Montgomery County Jail, "an unnamed Montgomery County
Sheriff's employee" inventoried and took possession of Lopez's personal property as part of
the booking procedure. Lopez was later notified that he would be transferred to the Texas
Department of Criminal Justice -- Institutional Division, and that certain pieces of jewelry
were "missing" from his property envelope. Lopez claims he filed numerous complaints. 
According to a letter addressed to Lopez from the Montgomery County District Attorney, 
an investigation confirmed that Lopez's property was "lost or stolen." 

 Lopez sued Montgomery County and certain County employees in their official and
individual capacities. His pleadings included claims under 42 U.S.C.A. § 1983 (West 2003),
as well as state law conversion and theft claims. Montgomery County removed the suit to
federal court. The federal district court dismissed the federal claims and remanded the state
law claims. The Court held: 

 Random unauthorized property deprivations do not violate due process where
the plaintiff has an adequate post-deprivation remedy under state law. Hudson
v. Palmer, 468 U.S. 517, 535 (1984). Texas provides a post-deprivation
remedy for the loss of personal property. Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). 


Lopez v. Williams, No. H-03-5474 (S.D. Tex. Apr. 21, 2004) (opinion on dismissal and on
remand). In Murphy, the case cited by the federal district court, the Fifth Circuit Court of
Appeals stated, "In Texas, as in many other states, the tort of conversion fulfills this
requirement." Murphy, 26 F.3d at 543. 

 After the case was remanded to the state court, Montgomery County filed a plea to the
jurisdiction and also filed a motion to dismiss the individual defendants based upon Tex. Civ.
Prac. & Rem. Code Ann. § 101.106 (Vernon 2005). Lopez amended his petition and added
a premises defect claim. Later, he supplemented his petition to assert the Montgomery
County Sheriff's Department deprived him of his personal property without due process of
law. The trial court granted the plea and the motion to dismiss. (2) We reverse the judgment
in part and remand the cause to the trial court. 

Jurisdiction


 Whether a court has subject matter jurisdiction is a question of law. Tex. Natural Res.
Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). We review the trial
court's ruling on the plea to the jurisdiction de novo. See Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998). We must determine whether Lopez's petition alleged facts
affirmatively demonstrating the trial court's jurisdiction. See Tex. Dep't of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). Generally, courts are to construe the
pleadings in favor of jurisdiction. Tex. Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867
(Tex. 2002). Only if the pleadings affirmatively negate the existence of jurisdiction may a
court grant a plea to the jurisdiction without allowing the plaintiff an opportunity to amend. 
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). The Supreme Court
explained in County of Cameron, "When a plaintiff fails to plead facts that establish
jurisdiction, but the petition does not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the
opportunity to amend." Id. (citing Peek v. Equip. Serv. Co. of San Antonio, 779 S.W.2d 802,
804-05 (Tex. 1989)). 

 The State's sovereign immunity from suit defeats a trial court's subject matter
jurisdiction. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Governmental
immunity provides similar protection to subdivisions of the State, including counties. 
Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003). If a county is
immune from suit, the trial court lacks subject matter jurisdiction, and the court must dismiss
the cause. Freedman v. Univ. of Houston, 110 S.W.3d 504, 507 (Tex. App.--Houston [1st
Dist.] 2003, no pet.). 

 Not all claims against the government are barred by the doctrine of governmental
immunity. Governmental immunity does not bar a suit alleging a violation of the Texas
Constitution, such as a claim alleging a taking of property for public use. See Steele v. City
of Houston, 603 S.W.2d 786, 791 (Tex. 1980). Governmental immunity does not preclude
a claim asserting a deprivation of due course of law under Texas Constitution article I,
section 19. See generally Nueces County v. Ferguson, 97 S.W.3d 205, 221-22 n.23 (Tex.
App.--Corpus Christi 2002, no pet). Similarly, governmental immunity does not preclude
a claim for equitable relief under Texas Constitution article I, section 29 for a violation of
the Texas Bill of Rights. See City of Beaumont v. Bouillion, 896 S.W.2d 143, 148-49 (Tex.
1995) (distinguishing equitable remedies from an implied private action for damages). 

The Tort Claims Act


 The Texas Tort Claims Act (TTCA) provides a limited waiver of immunity for tort
claims against a governmental unit under certain circumstances. Section 101.021 of the
TTCA provides:

 A governmental unit in the state is liable for:

 (1) property damage, personal injury, and death proximately caused by
the wrongful act or omission or the negligence of an employee acting
within his scope of employment if:

 (A) the property damage, personal injury, or death arises from
the operation or use of a motor-driven vehicle or motor-driven
equipment; and

 (B) the employee would be personally liable to the claimant
according to Texas law; and

 (2) personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law.


Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005). A county is a "governmental
unit" for purposes of the TTCA. Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B)
(Vernon 2005). 

The County's Plea to the Jurisdiction


 The County filed a plea to the jurisdiction asserting it is immune from suit for the
alleged tort damages. Lopez alleges the "lack of video surveillance, lack of locking
mechanisms, lack of constant supervision, lack of limited, controlled access, lack of routine
inspections or inventories and even lack of an actual designated Offender Property Room"
are premises defects that proximately caused his loss. Section 101.021(2) of the TTCA
waives governmental immunity only for "personal injury and death" caused by a condition
or use of tangible personal or real property; property losses due to a premises defect are not
recoverable from the County under the TTCA. See Tex. Civ. Prac. & Rem. Code Ann. §
101.021(2); see generally Retzlaff v. Tex. Dep't of Crim. Justice, 135 S.W.3d 731, 743 (Tex.
App.--Houston [1st Dist.] 2003, no pet.) (Section 101.021(1) of the TTCA waives immunity
only for property damage arising from the operation or use of motor-driven vehicles or
equipment.); see also Mokry v. Univ. of Tex. Health Science Ctr., 529 S.W.2d 802, 804-05
(Tex. App.--Dallas 1975, writ ref'd n.r.e.). The Act does not allow a "premises defect" tort
claim for property damages against the County under these circumstances. 

 Lopez's brief does not argue deprivation of his rights under any particular statute or
constitutional provision, but his supplemental petition alleges that the Montgomery County
Sheriff's Department has deprived him of personal property without due process of law. (3) He
cites Bohannan v. Texas Board of Criminal Justice, 942 S.W.2d 113, 118 (Tex. App.--Austin
1997, writ denied) in support of this claim. In Bohannan, the court explained as follows: 

 Sovereign immunity does not prevent the assertion of a claim alleging that the
state deprived the plaintiff of property without due process of law . . . . The
Bill of Rights protects a citizen from the state's excesses. Just as the state may
not assert sovereign immunity to avoid a claim that property was taken without
compensation, . . . the state may not assert sovereign immunity to avoid a
claim that it took property without due process of law. Although there is no
cause of action for damages, a plaintiff whose constitutional rights have been
violated may sue for equitable relief. 


Bohannan, 942 S.W.2d at 118 (citations omitted). 

 The Texas Supreme Court in Bouillion distinguished an implied private action for
damages from a suit for equitable remedies. See Bouillion, 896 S.W.2d at 148-49. Although
no implied private cause of action for damages exists, "suits for equitable remedies for
violation of constitutional rights are not prohibited." Id. at 149. Lopez alleges constitutional
violations, and he claims Montgomery County failed to provide him with any meaningful
procedure to recover for his loss. (4) Although the trial court has jurisdiction to consider
equitable relief for constitutional violations by the County, Lopez made no claim for
equitable relief. See id.; see also Harrison v. Tex. Dep't of Crim. Justice--Inst'l Div., 915
S.W.2d 882, 888 (Tex. App.--Houston [1st Dist.] 1995, no writ) (the trial court erred in
dismissing claims for equitable relief). To be entitled to compensation under Texas
Constitution article I, section 17, a plaintiff is required to show the property was taken,
damaged, or destroyed for "public use." See Steele v. City of Houston, 603 S.W.2d 786, 790-92 (Tex. 1980). Lopez does not argue that his property was taken for public use. His tort
damage claim is not cognizable under the TTCA. The trial court did not err in finding the
County immune from suit for the claimed tort damages.

 The Motion to Dismiss


 Lopez sued the individual defendants in both their official and individual capacities. 
A governmental employee sued in an official capacity is entitled to governmental immunity
from suit to the same extent as the governmental entity; the suit is essentially a claim against
the governmental unit. De Mino v. Sheridan, 176 S.W.3d 359, 366 (Tex. App.--Houston [1st
Dist.] 2004, no pet.); Hidalgo County v. Gonzalez, 128 S.W.3d 788, 793 (Tex. App.--Corpus
Christi 2004, no pet.). A suit against a governmental employee in his or her individual
capacity seeks to impose personal liability on the individual rather than on the governmental
unit, and the doctrine of governmental immunity generally does not apply. See In re Sabine
Valley Ctr., 986 S.W.2d 612, 613 (Tex. 1999) (citing City of Bedford v. Schattman, 776
S.W.2d 812, 814 (Tex. App.--Fort Worth 1989, no writ). 

 The trial court dismissed all claims, without distinction, against the employees
pursuant to section 101.106 of the TTCA. See Tex. Civ. Prac. & Rem. Code Ann. §
101.106(e) (Vernon 2005). Section 101.106, entitled "Election of Remedies," provides in
part:

 (e) If a suit is filed under this chapter against both a governmental unit and any
of its employees, the employees shall immediately be dismissed on the filing
of a motion by the governmental unit.


Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (Vernon 2005). Generally, section
101.106(e) mandates dismissal of a claim against a governmental employee if a plaintiff also
sues the governmental entity under the Texas Tort Claims Act. See id; Villasan v. O'Rourke,
166 S.W.3d 752, 758-60 (Tex. App.--Beaumont 2005, pet. filed). To be entitled to dismissal
under section 101.106(e), a defendant must show the suit (1) is based on the employee's
conduct within the general scope of the employment, and (2) could have been brought under
the TTCA against the governmental unit. Phillips v. Dafonte, 187 S.W.3d 669, 675 (Tex.
App.--Houston [14th Dist.] 2006, no pet.).

 The doctrine of governmental immunity, and therefore any requirement for waiver of
immunity, does not apply to a claim alleging an illegal or unauthorized act by a government
employee filed against the employee individually; an illegal or unauthorized act of an
individual is not an act of the governmental unit. See Fed. Sign v. Tex. S. Univ., 951 S.W.2d
401, 404 (Tex. 1997) ("A state official's illegal or unauthorized actions are not acts of the
State."); see generally Minix v. Gonzales, 162 S.W.3d 635, 639 (Tex. App.--Houston [14th
Dist.] 2005, no pet.) (citing Harrison, 915 S.W.2d at 888) ("Sovereign immunity does not,
however, bar . . . theft allegations against [defendants] in their individual capacities."). 
Furthermore, Lopez cannot bring the theft claim against the County under the TTCA,
because the claim is based on an intentional act. See Minix, 162 S.W.3d at 639. See
generally Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001-134.005 (Vernon 2005) (Theft
Liability Act). 

 Unlike theft, the common-law tort of conversion does not require proof of wrongful
intent. See Schwartz v. Pinnacle Commc'ns, 944 S.W.2d 427, 432-33 (Tex. App.--Houston
[14th Dist.] 1997, no writ); Killian v. Trans Union Leasing Corp., 657 S.W.2d 189, 192 (Tex.
App.--San Antonio 1983, writ ref'd n.r.e.); but see generally Guzman v. City of San Antonio,
766 S.W.2d 858, 861 (Tex. App.--San Antonio 1989, no writ) ("an intentional tort" and "the
intentional act of conversion"). Nevertheless, the conversion claim asserted here is not a
claim that could be brought against the County under the TTCA; the TTCA does not waive
immunity for the tort damage claim. See generally Retzlaff, 135 S.W.3d at 743. 

 Because Lopez's damage claims against the individuals could not be "filed under" the
TTCA against the County, appellees were not entitled to dismissal of the claims under
section 101.106(e). See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e); Phillips, 187
S.W.3d at 675; see also Meroney v. City of Colleyville, No. 2-05-195-CV, 2006 Tex. App.
LEXIS 4555, at *17-*18 (Tex. App.--Fort Worth May 25, 2006, no pet.); Mission Consol.
Indep. Sch. Dist. v. Garcia, 166 S.W.3d 902, 905 (Tex. App.--Corpus Christi 2005, pet.
filed); Ling v. City of Garland, 2006 U.S. Dist. LEXIS 43897, at *12-*14 (N.D. Tex.); but
see Schauer v. Morgan, 175 S.W.3d 397, 401-02 (Tex. App.--Houston [1st Dist.] 2005, no
pet.); Watson v. Dallas Indep. Sch. Dist., 135 S.W.3d 1208, 231 (Tex. App.--Waco 2004, no
pet.). (5) 

Conclusion


 The trial court did not err in dismissing the tort damage claim against the County. 
Nevertheless, the election of remedies provision of the TTCA does not apply to the theft and
conversion claims. The trial court therefore erred in granting the motion to dismiss the
claims against the individuals in their individual capacities. The judgment is reversed in part
and the cause is remanded to the trial court for further proceedings consistent with this
opinion. 


 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

 

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on May 17, 2006

Opinion Delivered September 28, 2006


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. We are to liberally construe the briefing rules. See Tex. R. App. P. 38.9. Appellees'
motion to dismiss the appeal for briefing deficiencies is denied. 
2. The trial court's order stated that "[a]fter consideration of Defendant's Motion, the
response, applicable authority, and oral arguments, if any, this court is of the opinion that
Defendant's Motion should be, in all things, granted." Because a trial court's consideration
of a plea to the jurisdiction requires the court to determine if the plaintiff's pleadings
affirmatively demonstrate jurisdiction, we presume the trial court considered Lopez's
amended and supplemental petitions, filed after Montgomery County's plea and motion to
dismiss, in determining subject matter jurisdiction here. See Tex. Dep't of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
3. Lopez requests a jury trial "in a legal attempt to correct the violations of his civil
rights." Lopez argues the trial court denied his constitutional right to a jury trial. Article V,
section 15 of the Texas Constitution provides a right to trial by jury in district court. Tex.
Const. art. V, § 15; see Green v. W.E. Grace Mfg. Co., 422 S.W.2d 723, 725 (Tex. 1968);
Schorp v. Baptist Mem'l Health Sys., 5 S.W.3d 727, 738 (Tex. App.--San Antonio 1999, no
pet.). One court has held that, when a trial court is considering a plea to the jurisdiction, a
party is entitled to a jury trial only if a fact issue exists relating to the plea. See Buchanan v.
St. Louis Sw. Ry. Co., 400 S.W.2d 362, 365-66 (Tex. Civ. App.--Dallas 1966, writ ref'd
n.r.e.). 
4. See 37 Tex. Admin. Code § 283.3 (2006) (Tex. Commission on Jail Standards).
5. We do not address the official immunity doctrine as the issue is not before us, and
because the defense would not deprive the trial court of jurisdiction. See generally Harrison,
915 S.W.2d at 888 (elements of defense).